## J. L. GRAHAM v. J. W. WELLS BRICK CO.

### (*Nashville.* December Term, 1924.)

**MASTER AND SERVANT.** Failure to apply for compensation within year after "accident" resulting in "injury" held to bar compensation for loss of eye.

Petitioner's right to compensation for total loss of eye, resulting from accident which immediately and consciously impaired his vision, which was compensable under Workmen's Compensation Act, section 28c, subject to increase under section 38, *held* barred under sections 24, 31, construed in harmony with section 47, where petitioner did not apply for compensation within one year from occurrence of accident; "injury," as used in section 31, being synonymous with "accident," as used in section 24.

Acts cited and construed: Acts 1919, ch. 123.

Cases cited and approved: Hartford Hosiery Mills v. Jernigan, 149 Tenn., 241; Cooke v. Holland Furnace Co., 200 Mich., 192.

---

*Headnote 1. Workmen's Compensation Acts, section 103.

---

### FROM HAMILTON.

---

Appeal from the Circuit Court of Hamilton County.— HON. OSCAR YARNELL, Judge.

RODDY & WRINKLE and SIZER, CHAMBLISS & JOHNSON, for appellant.

NEAL L. THOMPSON, for appellee.

MR. JUSTICE HALL delivered the opinion of the Court.

The petition in this case was filed by J. L. Graham, who will hereinafter be referred to as petitioner, against J. W. Wells Brick Company, who will hereinafter be referred to as defendant, seeking compensation under the Workmen's Compensation Act (chapter 123, Acts of 1919).

Defendant demurred to the petition, which demurrer was sustained by the trial judge, and petitioner's suit dismissed. From this judgment he has appealed to this court and assigns errors.

The petition alleged:

That on and prior to November 14, 1921, petitioner was an employee of the defendant, and while in the regular course of his employment he suffered an injury on the date above named, which arose out of his employment, being struck in his right eye. That he immediately reported the injury to defendant, and was sent by defendant to a surgeon for the purpose of having the injury treated; the surgeon being employed by defendant, or by the insurance company carrying liability of defendant under the Workmen's Compensation Act.

That but one of petitioner's eyes was affected at the time, and he was able to continue in the employ of defendant, receiving full pay, working regularly, and being frequently treated by the physician employed at the expense of defendant.

That petitioner was not advised that his eye was in a serious condition, and that it would probably be lost, and had suffered no disability from his work other than impaired vision, but had received his full wage, and had

everything apparently possible done for his relief by defendant.

That the treatment heretofore referred to continued until the latter part of the month of December, 1922, when the surgeon, who had been treating petitioner, advised him that he had discovered that petitioner had entirely, completely, and permanently lost the sight of the injured eye, and petitioner was advised by the surgeon that no further treatment would be given, as no relief could be had.

That petitioner, therefore, requested that defendant pay him the indemnity provided by the statute for the complete loss of an eye, or one hundred weeks at the rate of $9 per week, his average weekly wage having previously amounted to $18 per week, but defendant company refused and failed to compensate petitioner because the insurance company carrying defendant's insurance had refused to recognize liability.

It will be observed from the averments of the petition that the accident happened November 14, 1921, and petitioner did not bring this action until May 9, 1923, a period of eighteen months after the accident.

It will also be noted that injury and impairment of vision resulted to his eye as soon as the accident happened, and he reported said injury to defendant and was treated by defendant's physician or surgeon until December, 1922, a period of thirteen months. At this time it was discovered by the surgeon that petitioner had totally and permanently lost the sight of the injured eye, but he still did not institute suit for five months thereafter.

The grounds of the demurrer were:

(1)    That the petition failed to allege that petitioner gave defendant the written notice required by sections 22 and 23 of the Workmen's Compensation Act, and within the time therein provided.

(2)    That the petition showed on its face that it was filed more than one year after the accident resulting in the injury for which compensation is claimed.

The circuit judge overruled the first ground of the demurrer, but sustained the second ground. It is to this action of the trial judge that petitioner's assignments of error are directed.

It is insisted that the action of the trial judge is erroneous because it was not an equitable construction of the act upon which the petition was based. That section 47 of the act provides:

"That the rule of common law requiring strict construction of statutes in derogation of common law shall not be applicable to the provisions of this act, but the same is hereby declared to be a remedial act which shall be given an equitable construction by the courts to the end that the objects and purposes of this act may be realized and attained."

The averments of the petition showed that immediate injury resulted to petitioner from the accident; that the injury was known to petitioner because he was being treated for it. It consisted of an impairment of vision which was itself compensable under section 28c of the act, whether he was able to continue work or not (*Hartford Hosiery Mills* v. *Jernigan,* 149 Tenn., 241, 259 S. W., 546), and he could have brought suit at any time. It is insisted, therefore, that, giving the act the construction counsel for petitioner claims should be given it, his suit

is still barred by the one-year limitation, because the injury or impairment of the vision of his eye developed long before the expiration of one year.

Section 2d provides that "injury" and "personal injury" shall mean only injury by accident arising out of and in the course of employment. The word "accident" is not defined.

Section 24 of the act reads as follows: "Be it further enacted, that the right to compensation under this act shall be forever barred unless within one year after the accident resulting in injury or death occurred the notice required by section 23 is given the employer and a claim for compensation under the provisions of this act is filed with the tribunal having jurisdiction to hear and determine the matter."

Section 31, among other things, provides:

"That the time within which the following acts shall be performed under this act shall be limited to the following periods respectively:

"(1) Actions or proceedings by an injured employee to determine or recover compensation, one (1) year after the occurrence of the injury."

These three sections of the act, when read and considered together, show that the word "injury," as used in section 31, is synonymous with the word "accident," as used in section 24, and that the legislature intended to forever bar the right to compensation where suit is not brought within one year after the occurrence of the accident which results in the injury.

We think this intention is clear from the use of the word "ocurrence," because an accident occurs and an injury results.

Mr. Schneider, in his book on Workmen's Compensation Law (volume 2, section 578, p. 1642), says:

"It is not for the court to say, where the language of a statute leads to a logical conclusion, that the literal meaning will not be followed, simply because by its wording it does not embrace cases which, as to the question of policy, seem, for no good reason, to have been excluded."

The same author, at section 545, says: "Where the time is prescribed in the act within which the claim must be filed and there is no qualification, such time limit is mandatory, and unless claim is made for compensation within the statutory limit the claim is barred. . . . The statute provision referred to is a limitation affecting not only the remedy, but the right of an injured employee."

In *Cooke* v. *Holland Furnace Co.*, 200 Mich., 192, 166 N. W., 1013, L. R. A., 1918E, 552, this very question was determined in favor of the contention of defendant. In that case petitioner had been for several years prior to the act of 1915 in the employ of the Holland Furnace Company. On or about the 6th of that month, while at work in the foundry of that company, a bolt from an overhead track fell and struck him on the head. The wound bled profusely. He was given first aid by the foreman, and the wound washed out with peroxide. He continued to work until August following, when he laid off for a couple of weeks. Commencing in December following the accident, he had headaches, sleepiness, and was dizzy, and a lump appeared on his head where the bolt struck him. This condition caused him to lay off the two weeks in August. After he resumed his work in August

he worked until September the 14th following. The 17th or 18th of September petitioner had an X-ray examination made, and the latter part of September or the 1st of October an operation was performed which revealed a fracture of the skull and a softening of the bone, with an accumulation of pus underneath, necessitating the removal of the diseased bone and trepanning the skull. Plaintiff resumed his work November 14. Claim for compensation was served on the Holland Furnace Company October 9, 1916. The record disclosed that defendant, through its foreman and superintendent, had knowledge of the accident, but it also disclosed that no claim for compensation was made until the formal one of October 9. From an award for compensation for eight and four-sevenths weeks, and for medical and hospital services, the defendant appealed.

After stating the foregoing facts, the court said: "We are not here dealing with the question of the sufficiency of notice, or claim. . . . We are confronted for the first time, with the question of whether the statute begins to run from the date of disability (or ascertainment and definite satisfaction that disability exists), or from the date of the accident. We must approach this question, having full regard for the fact that, under the division of powers found in the Constitution, our duty is not to enact, but to expound, the law; not to legislate, but to construe legislation, to apply the law as we find it, and to maintain its integrity as it has been written by a coordinate branch of the State government. If the law as written works hardships in a special class of cases, the remedy lies with the branch of the government charged with the duty of enacting laws. If one does not

protect himself and his rights under the law as written, it is his misfortune, and this court should not by judicial legislation, for the purpose of relieving that misfortune, write into the statute a provision that the legislature has not seen fit to enact.''

The court then quoted the statute as follows: ''Sec. 15. No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer three months after the happening thereof, and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same.''

It will be noted that the statute uses the word ''injury;'' that the limitation is six months where ours is a year, and that the petitioner was not disabled and rendered incapable of performing his employment until after the expiration of the six months' limitation.

The court, in holding that the suit was barred, said: ''While the words 'accident' and injury' are not synonymous, the accident produced the injury, and in point of time they were concurrent. We are compelled to hold, must hold, unless we resort to judicial legislation, that the legislature by these two sections fixed the date of the injury at the date of the accident, and not some remote date thereafter, when the injured employee became definitely satisfied that he was disabled as a result of the accident.''

Petitioner was bound to make application for compensation for his injury within one year from the date of the accident, and under section 38 of the act he could have made application at any time after six months from

the date of the award for an increase on account of the total loss of his eye.

We are of the opinion that there is no error in the judgment of the trial court sustaining defendant's demurrer and dismissing petitioner's suit. The judgment will therefore be affirmed.