EDGAR GRIFFITTS *v.* Mrs. John F. HUMPHREY, Executrix, etc., *et al.*

(*Knoxville,* September Term, 1955.)

Opinion filed December 9, 1955.

Rehearing denied March 9, 1956.

R. ARNOLD KRAMER, ERMA G. GREENWOOD, and KRAMER, DYE, MCNABB & GREENWOOD, all of Knoxville, for plaintiff in error.

PAUL E. PARKER and JENNINGS, O'NEIL & JARVIS, all of Knoxville, for defendants in error.

Mr. Justice Burnett delivered the opinion of the Court.

This is a Workmen's Compensation case instituted in the Circuit Court of Knox County, Tennessee, by the plaintiff in error on April 1, 1954, seeking to recover benefits for disabilities resulting from an accident which occurred on May 5, 1952, but which under the allegations to the petition did not result in disability until April 13, 1953. Thus the suit was instituted within one year from the resulting disability but not within one year from the time of the accident.

To this declaration the defendants demurred basing their demurrer on the statute of limitations of one year, contained in Code Sections (Williams' Annotated Code) 6874 and 6884. The trial judge sustained this demurrer and the plaintiff below has seasonably perfected his appeal. Able arguments have been heard and briefs have been filed by both sides and we now have the matter for determination.

We are faced flatly with the proposition of when the statute of limitations starts to run in a Workmen's Compensation case. Whether from the date of accident or from the date of known disability resulting from a previous accident. Heretofore this Court has determined the

matter in one instance from the date of the accident and in others from the date of known disability. The question now is should we say that the cases in which the time of the running of the statute is fixed at the time of the known disability should be segregated and held as applying only to the facts of those particular cases or should we now adopt a rule which is applicable in Workmen's Compensation cases to all of such cases? We are faced flatly with this proposition and will attempt to answer it.

The petition for compensation avers that: "On or about May 5, 1952", the employee was involved in an accident of which his immediate superior knew and as a result of knowing of this accident he, the supervisor of the job for the John F. Humphrey Company, submitted on May 15, 1952, "a full and complete report of the accident to the defendant, Employers' Liability Assurance Corporation, Ltd." To pinpoint the matter Code Section 6874, insofar as here applicable, provides:

"The right to compensation under this chapter shall be forever barred, unless within one year after the *accident* resulting in injury or death occurred the notice required by the preceding section is given the employer and a claim for compensation under the provisions of this chapter is filed with the tribunal having jurisdiction to hear and determine the matter;" (then there is a proviso which is added by the chapter 139 of the Public Acts of 1947 which does not pertain to the question here involved). (Emphasis ours.)

Section 6884, insofar as here applicable, provides:

"The time within which the following acts shall be performed under this chapter shall be limited to the following periods, respectively.

"(1) Limit of time of actions or proceedings.— Actions or proceedings by an injured employee to determine or recover compensation, one year after the occurrence of the *injury;* except as provided in section 6874 of the Code as amended." (Emphasis ours.)

The exception clause last above quoted was provided by Chapter 139 of the Public Acts of 1947. Otherwise this Section, as well as that portion of Section 6874 heretofore quoted, are as they were in the original enactment of the compensation law in 1919. In the outset we notice that in first section quoted from, that is, 6874 it is provided that the one year statute is "after the *accident* resulting in injury" while in Section 6884 the language is "one year after the *occurrence of the injury.*"

In 1924 or five years after the enactment of the Workmen's Compensation Act this Court in the case of *Graham* v. *J. W. Wells Brick Co.,* 150 Tenn. 660, 266 S. W. 770, 772, 774, held in reference to the two sections last above quoted that:

" 'While the words "accident" and "injury" are not synonymous, the accident produced the injury, and in point of time they were concurrent. We are compelled to hold, must hold, unless we resort to judicial legislation, that the Legislature by these two sections fixed the date of the injury at the date of the accident, and not some remote date thereafter, when the injured employee became definitely satisfied that he was disabled as a result of the accident.' "

This Court in 1947 or 23 years after the Graham case held in *Ogle* v. *Tennessee Eastman Corp.,* 185 Tenn. 527, 206 S. W. (2d) 909, that the statute must be liberally construed, *McBrayer* v. *Dixie Mercerizing Co.,* 176 Tenn.

560, 144 S. W. (2d) 764, in favor of the claimant and that the statute of limitations in a Workmen's Compensation action commenced to run from the "occurrence of the injury" and not from the occurrence of the accident. Thus we see the conflict in the holding of the two cases.

In the Ogle case, supra [185 Tenn. 527, 206 S. W. (2d) 910], we distinguished the Graham case, supra, upon the facts, stating, that in the case of " 'the injury or impairment of the vision of [the employee's] eye, developed long before the expiration of one year.' " It seems to us that this distinction is rather questionable and that it was merely a reason or excuse rather for the Court to use at the time when the Court was beginning to realize that in this type of case it was necessary to hold differently from that as held in the Graham case. Thus under the doctrine of stare decisis the Graham case was attempted to be sidestepped very gently. It now behooves us to make a clear distinction. We in 1948 followed the Ogle case in the case of *Burcham* v. *Carbide & Carbon Chem. Corp.*, 188 Tenn. 592, 221 S. W. (2d) 888, and at that time attempted to make the rule which then applied in the Ogle case the general rule.

In a note in 21 Tenn. Law Review, at page 210, the author in commenting on the Burcham case says: "The Tennessee Court has now definitely aligned itself with the weight of judicial authority that the statute of limitations in workmen's compensation cases commences to run at the time injury accrues, or is determined to be compensable, rather than at the time of the accident." Citing cases from many, many jurisdictions.

We said that in the Ogle case it had been determined "that the statute of limitations commenced to run from 'the occurrence of the injury' * * * and not from the occurrence of the accident." The reasons and authority

for this holding are fully set forth in the opinion and it would be futile for us to again try to review these matters. It was said in the course of the opinion that, that decision was strictly confined to the facts of that case. *We see no reason though, why the reasoning in that case is not likewise applicable to the facts averred in this case and particularly those as heretofore quoted from the petition.* In both the Graham case and the Ogle case as well as the Burcham case and the case now before us the plaintiff reported the accident immediately. He did not discover the permanent injury to his eye in the Ogle case, until the lapse of more than one year. In none of these cases was there any question of fraudulent concealment on the part of the employer. The cases did not turn on whether or not there had been fraudulent concealment but really turned on the fact that suit and claim was made within a year from the discovery of the injury. This Court in the Ogle case, supra, adopted the rule of statutory construction in applying the portions of the two acts heretofore quoted, Code, Secs. 6874 and 6884, as was laid down by this Court in *Southern Railroad Co.* v. *Grigsby,* 155 Tenn. 285, 292 S. W. 3, which are to the effect that when specific treatment of limitations of actions is different in two sections of a statute both applying to the same thing that the provisions of the latter statute will control rather than those of the former statute. This Court in the Ogle case, supra, said in reference to this question:

"This construction finds strong support in common sense. It is the 'injury' and not the 'accident' which determines the rights of the employee under the Act, and which is, therefore, of consequence and importance in the administration of the Act."

There is a note in 20 Tenn. Law Review, at page

398 which criticizes these different holdings on the Statute of Limitations in Workmen's Compensation cases and criticizes to some extent the reason adopted in the Ogle case for holding that the latter statute controlled over the former. We feel that this is a well-recognized rule of statutory construction, regardless of the facts of the Grigsby case wherein it was applied, and that it is certainly applicable here. It certainly must be presumed that the Legislature in enacting this statute knew what it was doing. Obviously the draftsman of the statute was one of long experience and the statute had been drafted in view of its use in England and other places. Let us ask ourselves the question, why did the Legislature in its wisdom use in Section 6874 the word ''accident'' as the determinative starting point for the statute and the word ''injury'' in 6884 if it did not have some purpose in doing so? We think that the answer is obvious.

In the Burcham case, supra, we quoted with approval certain language from *Salt Lake City* v. *Industrial Commission,* 93 Utah 510, 74 P. (2d) 657, 658, which we thought was indeed very applicable and is and should be the proper reasoning to be applied in the interpretation of such statutes. We now without reservation adopt this reasoning as the correct reasoning to be applied. It is the principal reasoning that we have applied in adopting the period of ''injury'' rather than the time of ''accident'' as the period for beginning of the running of the statute of limitations. This language is worth again repeating. It is [188 Tenn. 592, 221 S. W. (2d) 892]:

'' 'Holding that the statute begins to run from the time of accident instead of from the time of compensable disability or loss, in effect makes the statute begin to run before the cause of action accrues. In

negligence cases the cause of action arises from the negligence which causes the accident and therefore the statute begins to run from the time the negligence operated on plaintiff, which would be at the time of the accident. But no such rule applies in compensation cases. Compensation does not depend upon negligence. The rule which applies to contracts is applicable. The Compensation Act, Rev. St. 1933, 42-1-1 et seq., imposes a duty on employers to pay compensation to employees who suffer disability from an injury by accident arising out of or in the course of the employment. Not until there is an accident and injury and a disability or loss from the injury does the duty to pay arise. A mere accident does not impose the duty to pay. Accident plus injury therefrom does not impose the duty. But accident plus injury which results in disability or loss gives rise to the duty to pay. When the employer refuses or ceases to pay compensation, the cause of action against him arises. * * * In compensation the duty to pay compensation is imposed by law rather than by contract, but the cause of action for the compensation does not arise until the loss is suffered and the employer fails or ceases to pay, and the statute of limitations runs from such time. Any other view mires us in a Stygian bog.' ''

It must be kept in mind that in holding as we do herein that we are dealing strictly with two sections of the Workmen's Compensation Act. This holding or reasoning is not applicable to a common-law action for negligence or anything of the kind. It is strictly our feeling of what the Legislative body intended in enacting the two sections using the different words in the sections as they did. In a Workmen's Compensation case

notice or knowledge of an accident is necessary. When this is shown then the employer or his insurance carrier has various and sundry ways of checking and knowing whether or not there is a possibility in the future of some serious impairment happening to the employee by reason of the accident. Clearly the Workmen's Compensation is for the purpose of in a very small manner compensating these employees or giving them something to buy meat and bread with while they cannot gain a living for their families by the sweat of their brows. It seems to us that this is clearly within the spirit of the Act and in the legal determination of liberality that must be given the Act.

For the reasons above expressed the decree of the trial court must be reversed and the cause remanded to that court for answer and proof in view of what is hereinabove said.

## On Petition to Rehear.

The insurance carrier has filed herein a sincere, dignified, frank and forceful petition to rehear. We have given this petition very careful consideration and after doing so are forced to the position of our original opinion.

The petition in a way again reargues the proposition that is set forth in the original demurrer; that the one-year statute of limitations applicable in Workmen's Compensation cases should apply from the date of the accident. The argument along this line is that medical expenses occur then which are not sued for until the action is instituted when the injury is discovered more than a year later. Those medical expenses which occurred more than a year before action and discovery of injury of course are not applicable and cannot be taken into

consideration. It is only such expenses that are incident to and follow the discovery of the injury that come within the statute which are covered.

On the same day we released the original opinion herein we released *Bradford* v. *Dixie Mercerizing Co.,* 199 Tenn. 170, 285 S. W. (2d) 136, 137.

It is now very convincingly and forcibly argued that there is no distinction in the two cases. We considered this apparent conflict and discussed the question before the release of the originals. We were then and are now of the opinion that the cases differ in that in the instant case suit was brought within one year from the discovery of *disability* which is here used as synonymous with *injury.* While in the Bradford case "The petitioner knew of his injuries to his back at least within four days after he was injured but waited almost three years before he instituted this suit." *Bradford* v. *Dixie Mercerizing Co.,* supra. The word "injured" in the quoted sentence is used in the sense of "accident." We think, after re-consideration, that the original opinion herein is the correct rule to follow. Concededly, it is in line with the majority of the States.

The holding of the Court in the original opinion is complained of because it is said that we have in this opinion violated the doctrine of stare decisis. Authority is quoted for this statement. We do not think that the doctrine has or is here abused. The reason is to a great extent explained by the original opinion.

In the next place, as this Court understands it, *Graham* v. *Wells Brick Co.,* (cited and quoted from at length in the original opinion) is not authority contra to the conclusion as reached in the original opinion. The holding in the Graham case, which it is said in the argument of the petitioner now and was said in its original argument

as the holding of this Court, is in fact dictum. We say this for the reason that on page 662 of 150 Tenn., on page 770 of 266 S. W., reporting the Graham case, the following is said:

"It will also be noted that injury and impairment of vision resulted to his eye as soon as the accident happened, and he reported said injury to defendant and was treated by defendant's physician or surgeon until December, 1922, a period of 13 months. At this time it was discovered by the surgeon that petitioner had totally and permanently lost the sight of the injured eye, but he still did not institute suit for five months thereafter."

Thus it is obvious that the man or the employee in the Graham case knew of both accident and injury long prior to the running of the statute of limitations. The court there said he did not bring his action until about 18 months after the accident and injury. Obviously under such a situation the statute was applicable and any attempted discussion or definition of the word accident and injury would not be applicable, it would be merely dictum. Thus it is that we do not feel that we have done any violation to the rule of stare decisis. We feel that now we are, for the reasons stated in the original opinion, clearly in line with the overwhelming weight of authority in this country and of what the Workmen's Compensation Act demands.

For the reasons stated herein the petition to rehear must be denied.