D. W. BRADFORD *v.* DIXIE MERCERIZING COMPANY.

(*Knoxville,* September Term, 1955.)

Opinion filed December 9, 1955.

MAXWELL & BUCK of Chattanooga, for plaintiff in error.

ROBERTS & WEILL, of Chattanooga, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a workmen's compensation suit. The trial judge sustained a demurrer to the petition on the ground that the suit was barred by one year statute of limitations.

Code, Sections 6874 and 6884 provide that suits under the compensation law are barred unless filed within one year of the date of the accident or injury. The trial judge held that the provisions of these sections applied to this suit and barred it. It was alleged that the date of the accident and consequent injury was the first day of July, 1952. Suit was not brought until the 14th day of March, 1955, or nearly three years after the accidental injuries were alleged to have been received.

The petition shows that the petitioner, Bradford, knew from the beginning that he was hurt and he went to his family physician, whose diagnosis showed an injured intervertebral disc of the upper lumbar section of the body. According to the allegations of the petition, Bradford worked without loss of time until he was discharged in January, 1954, and that thereafter he did heavy farm work without any symptoms until Christmas 1954—about two and one-half years after the accident. That thereafter x-rays showed that petitioner was suffering from an old injured intervertebral disc, upper lumbar. This is the injury that his family physician told him he had on the 5th day of July, 1952, which was within four days after he claimed to have been hurt.

The trial judge sustained the demurrer on the ground that the petition showed clearly that the employee knew from the beginning the kind of accident he had suffered, and the resulting injury thereby inflicted.

In *Netherland* v. *Mead Corporation,* 170 Tenn. 520, 98 S. W. (2d) 76, it appeared that Netherland claimed to have received an accidental injury on the 23rd day of May, 1933, as a result of which a lumbar vertebra of his

spine was fractured rendering him permanently disabled. Suit was not brought until the 30th day of April, 1935, or about two and one-half years after the accidental injuries were received. He claimed that he did not know the extent of his injuries until after he was laid off in March, 1934. Thereafter he was examined and his x-ray showed a fractured lumbar vertebra. Netherland claimed he did not know his rights or condition and that his injuries were trivial and that he did not believe they were serious.

The Chancellor dismissed the petition. This Court affirmed the judgment dismissing the suit, this Court stating:

"There is an absence of an allegation in the declaration that defendant knew of and purposely concealed the facts with respect to the nature and extent of plaintiff's injuries. Hence, there is nothing to take the case out of the bar of the statute."

The petitioner below relies upon *Ogle* v. *Tennessee Eastman Corporation,* 185 Tenn. 527, 206 S. W. (2d) 909, 911. In that case Ogle alleged that while handling chemicals on the first day of July, 1945, an explosion occurred and his eyes were irritated and inflamed by the resulting fumes and poison gases. He reported the injury to the company, was treated by the company doctor and continued to work for the defendant until December, 1946, when he had to leave on account of trouble with his left eye. In February, 1947, he was told for the first time that he had suffered the loss of sight in his left eye. The Court held that under the extraordinary circumstances of the case as they are alleged in the petition, the resulting injury did not develop and was not discovered until February, 1947. As the suit was brought within one year from the date the Court held that the action was not barred by the one year statute of limitations. The whole

basis of the holding is that no reasonable construction of law could require that complainant give notice of a disability, which he did not know existed or which did not in fact, exist, or that he should file suit for a disability before he had suffered it.

This is not the case in the present petition. The petitioner knew of his injuries to his back at least within four days after he was injured, but waited almost three years before he instituted this suit.

We find no allegations of the petition that would justify the Court in taking this case out of the one year rule.

It results that the assignments of error must be overruled and the judgment of the lower court affirmed.