Oscar L. Norton

*v.*

Standard Coosa-Thatcher Company, et al.

(*Knoxville,* September Term, 1957.)

Opinion filed June 6, 1958.

Rehearing Denied July 11, 1958.

MASSEY, STONE & KIRKLAND, Chattanooga, for appellant.

CHAMBLISS, BROWN & HODGE, Chattanooga, for appellees.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is a workman's compensation case in which the employer filed a plea in abatement setting up the Statute of Limitations of one year for bringing suit. The employee demurred to this plea and his demurrer was overruled by the Chancellor. The plea of the Statute of Limitations was sustained. Able briefs have been filed and excellent arguments heard and we now have the matter for disposition.

In August of 1956, the appellant sued the appellees in the law court of Hamilton County for compensation and based his cause of action on disability occasioned by an occupational disease. Apparently the employee thought the cancer to his throat was occasioned by breathing fumes emitted through the work that he was doing and that the employer had accepted any disease that was occasioned while the employee was working and did not limit the recovery to those occupational diseases as covered by the Statute. Chapter 139 of the Public Acts of 1947. Apparently after proof was heard and before dismissal of this lawsuit it was terminated by a voluntary nonsuit on March 25, 1957.

The present suit was commenced in the Chancery Court on June 28, 1957, and charges that on February 22, 1956, while in the course of employment a gauge glass

upon one of the boilers burst, because of excess heat and pressure upon the same, almost in petitioner's face; that large amounts of hot caustic were showered upon petitioner's face, body and particularly his mouth and nose; that the employees were furnished with a solution to wash with if such an accident occurred; that he could not wash his nose and mouth out with this solution and as a result of this accident, some months thereafter, a specialist diagnosed the fact that the petitioner was suffering from "a malignant condition of the larynx." This is the injury complained of and it is sought by the present petition to attach this disability to the accident occasioned on February 22, 1956. It is alleged in the first suit that he became totally and permanently disabled on April 20, 1956.

The theory of the employee is that the present suit should be allowed as if he had sought to amend the law cause by alleging therein after the suit was filed the fact that he had had an accident and injury and it was from this that his disability was occasioned rather than from the disease of breathing the fumes, etc. It is conceded that the two suits seek recovery between the same parties for the same injury but it is said, and very forcefully so, that the grounds or the basis for the action in the one is not the same as the cause of action stated in the other. Thus it is argued that since the first action the employee alleges that he had knowledge of his total and permanent disability on April 20, 1956, and that he did not commence this present action until June 28, 1957, that then said action is not brought within the limitation period of one year as is prescribed by Code Section 50-1003, T.C.A. This theory was accepted by the Chancellor and the suit dismissed.

■ The very forceful argument is made here that this is a workman's compensation suit and regardless of whether the injuries to the man were occasioned by injury growing out of an accident or by occupational disease, he had the right to present evidence of either and show from which his disability arose. Of course if his disability arose out of an occupational disease and the injury or trouble from which the employee was suffering did not grow out of one of those occupational diseases made compensable by statute (Chapter 139, Public Acts of 1947) then he could not recover. On the other hand if his condition was brought about due to the accident in February 1956, then it was compensable and he should be allowed to recover. Under such a situation we are constrained to hold, in a workman's compensation case, that an amendment to the original action should have been permitted by the trial judge so as to show either thing. This being true it is obvious then that the present suit instituted within one year from taking the nonsuit in the law court could be and should be maintained and thus the Court would hear proof on these matters and then determine the case according to the evidence heard.

Of course this new action would be permissible under Section 28-106, T.C.A.

■ Under our rule of liberality (*Tapp v. Tapp*, 192 Tenn. 1, 236 S.W.2d 977), in these compensation cases we feel that an amendment of the kind set out in this Chancery action would certainly be required in the original action when and if that action was brought within one year from the discovery of the disability of April 20, 1956. In accordance with this general rule of liberality which is followed by the Courts in these workman's com-

pensation cases over the country with regard to pleading, it is generally held that where the evidence raises the issue recovery may be had in a compensation case for injury resulting from the aggravation of a pre-existing condition notwithstanding the fact that the employee does not allege such ground in his pleading or seek in the outset to recover on this theory. *Cunningham v. Hembree,* 195 Tenn. 107, 257 S.W.2d 12; 58 Am.Jur., p. 854, and note page 78 of the 1958 Supplement thereto.

This being the rule in a situation of that kind it seems to us that, for a stronger reason, if the person has failed in the outset to allege that his disability occurred from an injury of such and such a date and yet he does allege that the discovery of the date of this injury was within the statutory period in his first suit then in view of our holding in *Griffitts v. Humphrey,* 199 Tenn. 528, 288 S.W.2d 1 (and this is generally recognized as the sound authority in most jurisdictions in the United States), that the statute runs not from the date of the accident but from the date of the known disability which happened from a previous accident.

■ Of course the workman's compensation law was passed simply to provide for the disability to the employee under certain specified things. The purpose of the Occupational Disease Statute in workman's compensation is the same. Both provide for disability occasioned in certain things by the employee while working for the employer.

■ The date of a compensable injury in these workman's compensation cases dates from the time when the accumulated effects culminate in a disability traceable to the latent disease as the primary cause which could

by the exercise of reasonable care and diligence have been discovered or were apparent to the employe. Thus it is when the limitation statute starts to run in these occupational disease cases. *Greener v. E. I. Du Pont De Nemours & Co.,* 188 Tenn. 303, 219 S.W.2d 185. In either instance, that is an accident growing out of an injury or a disease which is covered by the statute growing out of the employment the limitation statute will begin approximately at the same time. What we are trying to demonstrate and show is that the employer is not prejudiced or hurt or injured by reason of the amended or supplemental lawsuit which is an amendment to the original lawsuit. In a workman's compensation case where the purpose is to compensate for the disability received through the employment the employer is warned or on notice of these various things to defend against. The usual reasons and authorities cited for sustaining the Statute of Limitations are not applicable in view of the position that we assume above.

■ ■ It has been held in cases too numerous to cite that if the amendment merely expanded and amplified what was alleged in support of the cause of action, it related back to the commencement of the action and was not affected by the intervening lapse of time. With refence to our statutes on the question it is noted that the power of the Court to allow amendments is indeed very liberal. 20-1505, T.C.A. There is no inflexible rule applicable to all cases which can be laid down. Necessarily, each case must be to some extent decided upon its own particular facts. The power of the Court, however, to allow amendments is subject to recognized limitations, among which is a rule that a litigant may not set up by

amendment a wholly different cause of action, one which does not arise out of or connect itself in a material aspect with the transaction set out in the original complaint, when the cause of action attempted to be set up by amendment is barred by the statute of limitations.

It is well stated in 34 Am.Jur., Sec. 263, p. 217, that:

"* * * there is a large and respectable body of authorities, * * * to the effect that an amended pleading which supplies a missing allegation without the presence of which in plea and proof there could be no recovery relates back, and is unaffected by the statute of limitations expiring after the suit was begun and before the amendment was made." See also *Whitson v. T. C. Ry. Co.*, 163 Tenn. 35, 40 S.W.2d 396.

Thus it is that we have concluded that this suit should be maintained and the employee allowed to put on proof. Accordingly the decree below is reversed and the cause remanded to that court for further pleading and proof. Of course it may be that when proof is heard that the conclusions as stated by the Chancellor in his excellent memorandum opinion may be the same as they are now. This opinion is more or less a statement to the effect of what if proof were heard, in view of the conflicting allegations in the two suits, of what the conclusion must be. Be this as it may we think though that this suit should have been maintained as if an amendment had been asked for in the original suit and proof heard accordingly on the matter. Consequently the cause is reversed and remanded.

### On Rehearing

The defendants have filed herein a courteous, dignified and to the point petition to rehear. This petition pre-

658

sents the sole question that we overlooked the motion of the defendants, seasonably made, to strike the appellant's assignments of errors for failure to file these assignments within the time as provided by Rule 14 of this Court.

We, as a matter of fact, did not overlook this motion but thought it would not be necessary to mention it in view of the conclusion we reached in our original opinion. In this opinion we concluded, for reasons therein stated, that the defendant was not prejudiced by reason of the delay.

There are many authorities which declare that the rules of court should be strictly adhered to, both by the parties and by the court. We think that the proper rule to apply, in applying our Rules, is stated in 21 C.J.S. Courts sec. 178, p. 284, thus:

"* * * rules of court are but a means to accomplish the ends of justice, and that the court has the power to modify, suspend, or rescind its own rules whenever justice requires it, at least where no party is prejudiced thereby; * * *".

We do not of course wish to be in the position of applying a rule of foot in enforcing these rules but the Court should administer them in a discretionary manner. When it appears to the Court that no harm can be done to the one who makes the motion to enforce the Rule, and that an injustice would be done by enforcing the Rule, then the Court should use grace and discretion in administering the rule. If circumstances demand, an imposition of terms may be applied. In the present case we did not

think that harm was done the movent by failing to enforce the rule strictly, while we felt that harm might be done the party failing to comply with the rule by enforcing it. It was for this reason that we now overrule the motion to strike.

As a result of what is said above the petition to rehear must be denied with costs.