TRAVELERS INSURANCE CO.

*v.*

RUDOLPH JACKSON.

(*Nashville*, December Term, 1959.)

Opinion filed February 5, 1960.

Rehearing denied March 11, 1960.

GLASGOW & ADAMS, S. MCP. GLASGOW, JR., ALFRED T. ADAMS, JR., Nashville, for plaintiff in error.

JACKSON, TANNER, REYNOLDS & KING, EUGENE D. JACKSON, JR., Nashville, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a Workmen's Compensation case instituted by the petitioner, Rudolph Jackson, to recover for a back injury occurring as the result of an accident on November 29, 1956, while working for his employer and the injury arose out of and in the course of his employment as a laborer for Wrenn-Singleton & Gallagher in Davidson County.

The lower court awarded compensation for petitioner's back injury which occurred on November 29, 1956. However, the petition was not filed until January 29, 1958, or about fourteen months after the injury occurred.

It also appears that on the date of his injury he reported it to his employer and was sent to the doctor, who strapped up his back and told him that nature would take care of his cure.

Thereafter he went back to work and it seems that he was operated on in December, 1957, at which time a ruptured disc was repaired.

Here it appears that the employee sustains an accidental injury in the scope of his employment and is continu-

ally thereafter under a partial physical disability as a result of such accidental injury, and continually from the date of the accident.

It further appears that he knew himself to be suffering from a disability right after the accident happened, and he is required under the Workmen's Compensation Law, to bring his action for benefits within the one-year statutory period of limitations and is barred from bringing such action after the lapse of one year, T.C.A. sec. 50-1003. *Bradford v. Dixie Mercerizing Co.,* 199 Tenn. 170, 285 S.W.2d 136; *Griffitts v. Humphrey,* 199 Tenn. 528, 288 S.W.2d 1; and *Pittman v. City Stores, Inc.,* 204 Tenn. 650, 325 S.W.2d 249.

It appears that the petitioner was aware, continually from and after the date of his accidental injury, and he was partially disabled on account of the accident.

▮ It appears that the applicable rule in all Workmen's Compensation cases is that the determinative starting point for the running of the statute is the occurrence of the injury rather than the happening of the accident.

We quote the following from *Pittman v. City Stores, Inc.,* 204 Tenn. 650, 325 S.W.2d 249, 252, wherein it was said:

"The statute of limitations which applies to the case at bar is quoted and construed by us in *Ogle v. Tennessee Eastman Corp.,* 185 Tenn. 527, 206 S.W.2d 909, and *Griffitts v. Humphrey,* supra, and need not be repeated in this opinion. Both cases were correctly decided on the facts. The words 'accident' and 'injury' are not synonymous. In numerous cases, which require

no special reference, an accident may appear to be trivial when it occurs, in that the employee apparently experiences no injury whatever, or nothing to indicate at the time that a partial of permanent injury had resulted from the accident. This was substantially true in the Ogle case. His eyes were irritated and inflamed by the explosion of poison gases. The company doctor treated him until 'he was apparently fully recovered.' But an eye specialist discovered more than a year after the accident and injury, that he had lost the sight of his eye. The plea of the statute of limitations was overruled on the ground that it was tolled as of the time when the specialist discovered that Ogle had lost his eye. * * *

"The case now before us differs somewhat from the facts reviewed by Mr. Justice Burnett in the Griffitts case. We think the opinion of the Court in *Bradford v. Dixie Mercerizing Co.,* 199 Tenn. 170, 285 S.W.2d 136, is applicable here. Another case more nearly in point is *Netherland v. Mead Corp.,* 170 Tenn. 520, 98 S.W.2d 76, although in this case the company doctor had advised the employee that his injury was more or less trivial. Contention was made that the doctor's advise misled the petitioner and for this reason the tolling of the statute was postponed beyond the statutory period of one year. The ruling of the Chancellor denying compensation was sustained."

■ It results that defendant's plea in abatement on the question of the statute of limitations of one year should have been sustained.

The judgment of the lower court is reversed and this suit dismissed.