Hilyard Wilson

*v.*

Vestal Lumber and Manufacturing Company.

378 S.W.2d 780.

(*Knoxville,* September Term, 1963).

Opinion filed June 4, 1964.

Thomas E. Mitchell, Johnson City, for petitioner.

James A. Weller, Johnson City, of counsel, Epps, Powell, Weller, Taylor & Miller, Johnson City, for respondent.

Mr. Justice Dyer delivered the opinion of the Court.

This is an appeal by the employer, Vestal Lumber and Manufacturing Company, from an award by the Chancellor in favor of the employee, Hilyard Wilson, under our Workmen's Compensation Statutes.

This appeal raises the question of the application of the one year statute of limitations in Workmen's Compensation cases, Sections 50-1003 and 50-1017, T.C.A. to the particular facts of this case.

The employee, age 59 worked as a lumber inspector. On the 27th or 28th October 1958 employee accidently struck his head against a rafter in the mill with such force he almost lost consciousness and felt severe pain in his spine. On that day, or the next, employee reported this accident to the mill foreman who instructed him to go to a doctor of his choice. On 28 October 1958 employee went to Dr. Earl Peterson giving a history of this accidental blow to his head and complaining of severe pain in his back. Dr. Peterson was of the opinion employee had suffered a back strain manifested by the pain and muscle spasm. Dr. Peterson prescribed heat, rest and sedation. Treatment by Dr. Peterson was continued on 29th and 30th October 1958; 3rd, 4th, 6th and 11th November 1958. Employee again went to Dr. Peterson on 20 October 1959 and in December of 1959 Dr. Peterson had some tests made the result of which employee was found to be suffering from rheumatoid arthritis. This is a chronic and progressive disease which in the usual case will spread eventually to most of the joints. This disease also has a characteristic of operating in periods; that is there will be a period of great action and progression

which will naturally be manifested by great pain, then again there will be a period of relative quiet, manifested by little or no pain.

During the time employee was receiving treatment from Dr. Peterson he continued to work, although his condition grew progressively worse, and he lost a great deal of time from work particularly during the spring and summer months of 1959. On 16 October 1959 the employee felt due to his physical condition he could no longer continue working and on this date quit altogether. The original bill in this matter was filed on 10 October 1960.

The Chancellor on the question of the application of the one year statute of limitations found:

"The action in this case was brought October 10, 1960. The record shows that suit was instituted within a year from the date complainant's (employee) injuries caused him to be disabled to such an extent that he was unable to carry on his regular employment."

The sole question presented is the date when the statute of limitations is tolled. Is it tolled one year from the date of accident, which was 27th or 28th October 1958, or one year from the date employee's injuries caused him to be disabled to such an extent he was unable to carry on his regular employment.

In support of his finding the Chancellor cited *Griffitts v. Humphrey*, 199 Tenn. 528, 288 S.W.2d 1. The question faced in the Griffitts case was stated by the Court as follows:

"We are faced flatly with the proposition of when the statute of limitations starts to run in a Workmen's

Compensation case. Whether from the date of accident or from the date of *known disability* resulting from a previous accident.'' 199 Tenn. 529, 288 S.W.2d 2 (Italics ours)

In the Griffitts case the Court held the starting date of the statute of limitations of one year is from the occurrence of the injury, which may, or may not, be the date of the accident. In examining the Griffitts case as same would be applied to the case at bar it is well to keep in mind the Griffitts case was decided in this Court upon a demurrer sustained by the trial judge, which of course admitted the allegations of the original bill. The original bill in the Griffitts case alleged an accident on 5 May 1952 with resulting disability on 13 April 1953. The bill was filed 1 April 1954, which was within one year of the alleged disability.

In the Griffitts case the Court commented upon three Tennessee cases, to wit: *Graham v. J. W. Wells Brick Company,* 150 Tenn. 660, 266 S.W.770; *Ogle v. Tennessee Eastman Corporation,* 185 Tenn. 527, 206 S.W.2d 909; *Burcham v. Carbide & Carbon Chemicals Corporation,* 188 Tenn. 592, 221 S.W.2d 888. In regard to these cases the Court said:

''The cases did not turn on whether or not there had been fraudulent concealment but really turned on the fact that suit and claim was made within a year *from the discovery of the injury.*'' 199 Tenn. 533, 288 S.W.2d 3 (Italics ours.)

In the case of *Travelers Insurance Company v. Jackson,* 206 Tenn. 272, 332 S.W.2d 674, this Court held where an employee knew he was suffering from disability immediately after the accident, then the statute of limita-

tions would begin to run from the date of the accident. Also see *Pittman v. City Stores, Inc.*, 204 Tenn. 650, 325 S.W.2d 249.

In the case at bar, viewing the evidence in the light most favorable to the employee, we think the conclusion is inescapable employee knew he had a disability from the accident of October 1958 well over a year preceding the filing of the original bill in October 1960.

Judgment reversed and cause dismissed.