**Joseph Raymond REED, Appellant,**

**v.**

**GENESCO, INC., Appellee.**

Supreme Court of Tennessee.

July 1, 1974.

Franklin D. Brabson, Nashville, for appellant.

1

William N. Ozier, Bass, Berry & Sims, Nashville, for appellee.

## OPINION

ERBY L. JENKINS, Special Justice.

This is a workmen's compensation suit filed by the plaintiff, Joseph Raymond Reed, in the Circuit Court of Davidson County on October 6, 1972, against the defendant, Genesco, Inc., alleging that while engaged in the course of his employment, the plaintiff was struck in the right eye with a foreign substance, the date of the alleged accident being sometime in June 1970.

The defendant, Genesco, Inc., filed a motion to dismiss on the grounds that the complaint showed on its face that the suit was barred by the Statute of Limitations.

The Trial Court reserved ruling on the motion until after the case was heard on its merits, and after the hearing, entered an order that the suit was barred by the Statute of Limitations, and that even if it were not barred by the Statute of Limitations, the plaintiff had failed to carry the burden of proof in that he failed to prove that his injury was work related.

The plaintiff has appealed the decision of the Circuit Court of Davidson County to this Court, and in order for this Court to decide the issues, we will have to review the evidence heard by the Trial Court.

The plaintiff testified that he reported the alleged accident of June 1970 immediately, and that he received first aid treatment; that because of the pain he was unable to work for two days, returning to work, and that for a period of three months following the accident, he treated the injury himself without consulting a doctor despite the fact that he suffered pain and irritation and had an impairment of vision.

The plaintiff testified that in September 1970, he consulted his regular eye doctor who referred him to Dr. Bounds, an eye surgeon. Dr. Bounds' initial diagnosis was a detached retina and he advised the plaintiff that he would attempt to treat his problem without surgery.

Another problem presents itself to this Court in that in March 1971, Genesco, Inc., paid Dr. Bounds $125.00, and Dr. Bounds' nurse testified that the company agreed to make additional payments. It is Genesco's insistence that the $125.00 payment was for investigative service so that the company could better determine if the claim was compensable under the Workmen's Compensation Act.

Since the complaint was not filed until October 6, 1972, and the accident occurred in June 1970, it is evident that the suit was not filed within one year of the accident. However, the plaintiff insists that the suit is not barred for two reasons: (1) the Statute of Limitations does not begin until the injured person learns of his disability, and that in this case Mr. Reed did not learn of his permanent disability until after the suit was filed; and that (2) the payment of $125.00 to Dr. Bounds tolled the Statute of Limitations.

Much confusion has resulted from the fact that the Workmen's Compensation Act contains two apparently conflicting Statute of Limitations sections. The first section, T.C.A. § 50–1003, provides in part that the Statute of Limitations begins to run from the date of the accident; T.C.A. § 50–1017 provides that the Statute of Limitations begins to run from the date of the injury. This apparent conflict has resulted in seemingly conflicting opinions from this Court, Graham v. J. W. Wells Brick Co., 150 Tenn. 660, 266 S.W. 770 (1924), and Ogle v. Tennessee Eastman Corporation, 185 Tenn. 527, 206 S.W.2d 909 (1947).

The conflict was resolved when this Court ruled that the Statute of Limitations begins to run on the date the disability manifests itself; disability being used synonymously with injury. Griffitts v. Humphrey, 199 Tenn. 528, 288 S.W.2d 1 (1956). Of particular significance in Griffitts is

the fact that the suit was resolved on bill and demurrer. Thus, the plaintiff's allegations that although the accident occurred on May 5, 1952, the resulting disabilities did not manifest themselves until April 13, 1953, were treated as true. But in the case at Bar the proof showed conclusively that the disability or injury manifested itself at the time of the accident or at least shortly thereafter. Plaintiff's own testimony supports this conclusion. For this reason, the case is not analogous factually with Griffitts.

This case is markedly similar to Bradford v. Dixie Mercerizing Co., 199 Tenn. 170, 285 S.W.2d 136 (1955), an opinion released the same date as the Griffitts case. In Bradford the plaintiff sustained a back injury because of a work related accident. Although he was immediately aware that he had sustained an injury, it was some period of time before he knew the exact degree of disability. The plaintiff insisted that the Statute did not begin to run until the date the extent of the disability was determined. This Court rejected the argument and held that the Statute began to run when the plaintiff became aware of his disability.

The general principle which can be derived from Griffitts v. Humphrey, supra, and Bradford v. Dixie Mercerizing Company, supra, is that the " . . . . running of the statute is . . . suspended ' . . . . until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained.'" Murray Ohio Manufacturing Company v. Vines, Tenn., 498 S.W.2d 897 (1973); quoting in part from Imperial Shirt Corporation v. Jenkins, 217 Tenn. 602, 399 S.W.2d 757 (1966).

■ In this case, a reasonable exercise of diligence by the plaintiff would have resulted in his recognizing a probable compensable injury shortly after the accident in June 1970, or at least, by September 1970, when he was informed that he suffered a detached retina, the significance of

his injury should have been recognized. Since the suit was not filed until October 6, 1972, the action was barred by the Statute of Limitations.

Plaintiff further insists that payment of $125.00 for medical expenses by Genesco had the effect of tolling the Statute of Limitations from that date of the last treatment by Dr. Bounds; therefore, since the suit was filed within one year from the date of the last treatment, the action was not barred.

■ The defendant, Genesco, Inc., admits that voluntary payments of medical expenses toll the Statute of Limitations, T.C.A. § 50–1003; Chandler v. Travelers Insurance Company, 212 Tenn. 199, 369 S.W.2d 390 (1963); however, that the payment was not made for the purpose of compensating the plaintiff but was made solely for investigative purposes, i. e., so the company could obtain information regarding the compensability of the claim. For this reason, defendant argues that the Statute was not tolled by the $125.00 payment.

In Webb v. Rossville Home and Auto Company, Tenn., 483 S.W.2d 579 (1972), this Court held that "payment of medical expenses by the employer for visits of employee to employer's doctor for examination of the nature and extent of the injuries, the employee receiving no medical treatment or medicines, will not operate to toll the Statute of Limitations. Notwithstanding Genesco's insistence that the medical bill was paid solely for investigative purposes; the payment was for past medical services rendered for the benefit of the employee. This was clearly compensation and consequently, a different situation than was presented in the *Webb* case. We are compelled to hold that the payment tolled the Statute of Limitations.

■ Since the March 1971 payment of $125.00 tolled the Statute, this Court must now decide when the Statute commenced

to run again; from the date of payment or from the date of the last treatment.

We hold that the Statute of Limitations period began to run on the date of payment. Chandler v. Travelers Insurance Company, supra. Since this occurred in March 1971, and the suit was not filed until October 6, 1972, the action was barred.

Apparently, counsel for the plaintiff relies on Fields v. Lowe Furniture, 220 Tenn. 212, 415 S.W.2d 340 (1967), as authority for his position. Several significant factual distinctions exist between this case and Fields v. Lowe Furniture, supra. In *Fields,* the employer was cognizant of the employee's work sustained injury and of his probable liability. For this reason the employer undertook to furnish medical care for the employee by sending him to a company selected doctor. Because the employer provided the doctor, this Court reached the logical conclusion that the Statute began to run from the last date of treatment; notwithstanding when the actual payment to the doctor was made. Under such circumstances the providing of the services amounted ". . . . to the employer saying to the employee that liability is recognized and will be discharged or will be carried out by the employer without the technical requirement of suit being filed within the statutory period," Fields v. Lowe Furniture, supra. Each treatment by the employer selected doctor amounted to a reiteration of the employer's acceptance of liability and extension of the Statute of Limitations period. But it is not logical to hold that the isolated payment of one medical bill, when not coupled with other acts inconsistent with the denial of liability, extends the Statute of Limitations period so long as the employee continues treatment. The isolated payment extended the period one year from its date, the date being March 1971.

The courts have gone a long way in protecting the worker, and do not look with favor on technical defenses, and while our sympathies extend to the petitioner, indus-

try must be protected for there must be a cutting-off place somewhere.

For these reasons we affirm the Trial Judge's ruling that the suit is barred by the Statute of Limitations. This conclusion makes it unnecessary for us to pass on the question of whether or not there was material evidence to support the finding that the plaintiff failed to carry the burden of proof.

DYER, C. J., McCANLESS and FONES, JJ., and LEECH, Special Justice, concur.