Merry Paulette Hembree BELLAR,
Appellant,

v.

BAPTIST HOSPITAL, INC., and
Underwriters Adjusting
Company, Appellees.

Supreme Court of Tennessee.

Jan. 3, 1978.

Franklin D. Brabson, Nashville, for appellant.

Thomas O. H. Smith, Jr., Smith, Davies, Smith & Cantrell, Nashville, for appellees.

## OPINION

HENRY, Chief Justice.

This is a workmen's compensation action. Upon appellees' motion to dismiss or in the alternative for judgment on the pleadings, the trial court entered an order dismissing appellant's action on the ground that it was barred by the statute of limitations as provided in Section 50–1003, T.C.A. Contending that the action was not barred by the statute and that appellees are estopped to

rely on Section 50–1003, appellant has perfected an appeal to this Court.

## I

This case was heard on the complaint, motion to dismiss, and argument of counsel. No fact or proof was introduced. For this reason the disposition of this case depends entirely upon the pleadings and attached exhibits.

In her complaint Merry Bellar, the appellant, alleges that on December 30, 1973, she injured her back in the course of her employment with appellee Baptist Hospital, Inc. On July 10, 1974, appellant reinjured her back at work. Bellar received medical treatment for both injuries, and temporary total disability payments were made by her employer until January 1976.

Appellant had been treated by Dr. John Brothers in Tennessee from 1973 through 1975, when she moved to Louisiana. After her payments were discontinued, appellant alleges that appellee's insurance adjuster informed her that the payments would not be resumed until appellant had seen her doctor again. Appellant, therefore, was examined by Dr. Williams Akins in Louisiana; and on March 17, 1976, he informed her that she was suffering from a ten per cent permanent disability to the body as a whole. Bellar asserts that this is the first time she became aware that she was suffering from a permanent disability.

In the meantime, appellant had employed a Louisiana attorney to represent her. On February 19, 1976, he had received a copy of Dr. Brothers' office notes regarding appellant's case. In the notes dated May 7, 1975, Dr. Brothers had written, "[a]t this time she [appellant] has a 15 percent permanent physical impairment to the body as a whole." On February 25, 1976, the Louisiana attorney also received a letter from a claims representative for appellee Underwriters Adjusting Company, referring to Dr. Brothers' diagnosis of permanent disability.

By October 29, 1976, appellant had retained an attorney in Tennessee. In early March 1977, appellant learned that the insurance company claimed that because the company had made its last voluntary payment on December 31, 1975, the statute of limitations had run and they would make no further voluntary payments for disability. The present action was filed March 16, 1977, over a year after voluntary disability payments had ceased but within a year from the date Dr. Akins had told appellant of her ten per cent permanent disability.

## II

Section 50–1003, T.C.A., provides that a claim for compensation must be filed within one year after the accident occurs or voluntary payments of compensation cease.

■ From the complaint it is clear that appellant was injured in December 1973 and July 1974. She was aware at that time of the nature and cause of her injuries. Compensation was paid until January 1976. The complaint was filed in March 1977 and is barred on its face by Section 50–1003. *Union Carbide Corp. v. Cannon*, 523 S.W.2d 360 (Tenn.1975).

■ Appellant argues, however, that the statute did not begin to run until Dr. Akins informed her that her disability was permanent. She asserts that Dr. Brothers never told her personally that she was suffering from a permanent disability. A reading of the complaint reveals, however, that Dr. Brothers' diagnosis had been conveyed to appellant through her attorney in February 1976. Knowledge of facts learned by an attorney in the course of his employment will be imputed to his client. *See Neilson v. Weber*, 107 Tenn. 161, 64 S.W. 20 (1901); *Bank of Blount County v. Dunn*, 10 Tenn. App. 95 (1929).

■ Appellant next advances the argument rejected by this Court in *Bradford v. Dixie Mercerizing Co.*, 199 Tenn. 170, 285 S.W.2d 136 (1955), that the statute does not begin to run until the exact degree of disability is determined. Such is not the rule. The statute begins to run at that time when the employee, by a reasonable exercise of diligence and care, would have discovered

that a compensable injury had been sustained. *Reed v. Genesco*, 512 S.W.2d 1 (Tenn.1974). Appellant made this discovery in 1973 and 1974.

Relying on *Fields v. Lowe Furniture Corp.*, 220 Tenn. 212, 415 S.W.2d 340 (1967), appellant also contends that the statute is tolled until her last medical treatment is received. *Fields* involved a situation where an employee was sent by his employer to a doctor selected by the company. In the present case the appellant herself chose and employed the treating physicians; the appellee provided no direct medical services. The statute began to run when the voluntary payments terminated.

### III

As her final argument, the appellant asserts that the appellees are estopped to rely on the defense of the statute of limitations because their conduct led appellant to believe that her payments had not ceased but would be forthcoming in the future.

In her complaint appellant alleges that certain conduct on the part of the appellees "lulled [her] into a false sense of security."

First, she avers that in January 1974 the Assistant Director of Nursing at Baptist Hospital advised her that workmen's compensation would "take care of her medical expenses." Appellant states that she was told by a claims representative for Underwriters Adjusting Company, soon after payments ceased that she would not receive another check until she "went back to the doctor." Thereupon she went to Dr. Akins and continued her medical treatment. Medical bills and reports connected with this treatment were forwarded to the insurance company.

Appellant alleges that an officer of the personnel department at Baptist Hospital wrote to her that she would "continue to receive compensation until the settlement is made." "This," appellant continues, "led complainant to believe that her temporary total benefits would be reinstated shortly."

Appellant next alleges that requests by Underwriters Adjusting Company in November 1976, slightly more than a month before the statute ran, that she send them further medical reports and a "breakdown" of hospital expenses incurred during the summer of 1976 were a "misleading and fraudulent attempt to deprive her of her workmen's compensation benefits." Appellant asserts that she was never advised that Dr. Akins would not be paid.

■ A complaint should not be dismissed for failure to state a claim upon which relief may be granted unless it undoubtedly appears that no set of facts can be proved in support of the plaintiff's claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss the court must construe the complaint liberally in favor of the pleader. *Holloway v. Putnam County*, 534 S.W.2d 292 (Tenn.1976); *Huckeby v. Spangler*, 521 S.W.2d 568 (Tenn.1975).

■ Considering the allegations of the complaint in light of these rules and the doctrine of equitable estoppel as applied in the recent workmen's compensation case of *Giles County Board of Education v. Hickman*, 547 S.W.2d 944 (Tenn.1977), we must conclude that the complaint adequately sets forth grounds sufficient to support a claim that the doctrine of equitable estoppel should be applied in this case. Upon remand this issue should be inquired into and proper evidence adduced.

Reversed and remanded.

FONES, COOPER, BROCK and HARBISON, JJ., concur.