IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 19, 2001 Session

## VENELSIA STEPHENS v. THE SHELBY COUNTY GOVERNMENT, ET AL.

**A Direct Appeal from the Circuit Court for Shelby County**
**No. 80136 T.D., The Honorable D'Army Bailey, Judge**

---

### No. W2000-01353-COA-R3-CV - Filed October 18, 2001

---

County employee sued county for on-the-job injury benefits resulting from carpel tunnel syndrome. Employee filed suit over one year after the county denied her claim for benefits. After a nonjury trial, the trial court dismissed plaintiff's case with prejudice as barred by the one-year statute of limitations. Employee appeals. We affirm.

### Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY KIRBY LILLARD, J., joined.

Florence M. Johnson, Memphis, For Appellant, Venelsia Stephens

Carroll C. Johnson, Memphis, For Appellees, Shelby County Government, et al

### OPINION

Since December of 1982, plaintiff, Venelsia Stephens, has been employed with the Shelby County Correctional Center as a deputy jailer. Her duties include supervising inmates, operating and controlling the metal doors, tending to the needs of prisoners and filling out forms. Some time in the year 1992, Ms. Stephens began having pain, numbness, and tingling in both of her hands. She was seen and treated by Dr. John Huffman. Dr. Huffman testified that when he saw Ms. Stephens on March 4, 1994, she was having severe carpel tunnel symptoms, and he suggested that she would need surgery. She was fitted splints and placed on non-steroidal anti-inflammatory agents. He further testified that he saw her again on March 18, 1994, and her symptoms were very severe. He then referred her to a Dr. Manugian. At that time, he determined that she would need a letter stating

that this condition was job-related. Ms. Stephens testified that she made a claim with the county in February or March of 1994 for an on-the-job injury. Shortly thereafter, she received a letter dated April 11, 1994, denying her claim for an on-the-job injury.

Shelby County has not elected to come under the provisions of the Tennessee Workers Compensation Act, but the County has adopted an on-the-job injury policy ("OJI policy") to compensate employees injured on the job. The policy further provides:

> On issues where County policy is silent, the policy and practice of
> Shelby County is to use the Tennessee Workers' Compensation Act
> as a guide and to operate in substantial compliance with the Act.

There is no limitation period set out in the OJI policy. The statute of limitations contained in the Workers' Compensation Act provides that suit must be filed within one year of the date of injury. T.C.A. § § 50-6-203, 224 (1999).

Ms. Stephens argued in the trial court, and asserts in this Court, that the statute of limitations is not triggered until the employee is advised of a permanent impairment rating. As the trial court aptly observed, an employee can get a temporary disability compensation without any permanent impairment. In ***Hibner v. St. Paul Mercury Ins. Co.***, 619 S.W.2d 109 (1981), the Court said:

> The determination of the time the statute of limitations begins
> to run often is troublesome, not from the standpoint of what triggers
> the running of the statute but from a factual standpoint. It is now
> settled that the date the employee's disability manifests itself to a
> person of reasonable diligence, not the date of the accident, triggers
> the statute of limitations. ***Davidson & Graham Const. Co. v. McKee***,
> 562 S.W.2d 426 (Tenn. 1978); ***Norton Co. v. Coffin***, 553 S.W.2d 751
> (Tenn. 1977); ***Union Carbide Corp., Food Prod. Div. v. Cannon***,
> 523 S.W.2d 360 (Tenn. 1975); ***Imperial Shirt Corporation v.***
> ***Jenkins,*** 217 Tenn. 602, 399 S.W.2d 757 (1966); ***Griffitts v.***
> ***Humphrey***, 199 Tenn. 528, 288 S.W.2d 1 (1955).

***Id.*** at 110-11.

The statute begins to run when the employee knows or reasonably should know that a compensable injury has been sustained. ***See Livington v. Shelby Williams Industries***, 811 S.W.2d 511 (Tenn. 1991).

Plaintiff's complaint was filed July 24, 1996. The record establishes that in April 1994, Ms. Stephens knew that her condition was diagnosed as carpel tunnel syndrome, she knew that her physician felt that it was work-related, she filed a claim for on-the-job injury, the claim was denied, she had surgery on both hands, and she missed time from work because of this condition. Under the

facts in this record, Ms. Stephens knew or reasonably should have known that she had sustained a compensable injury more than one year the complaint was filed. The trial court so found, and the evidence does not preponderate against this finding. Tenn.R.App.P. 13(d).

Accordingly, the judgment of the trial court is affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant, Venelsia Stephens, and her surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.