Sandra Watkins, Plaintiff in Error,

*v.*

Home Indemnity Company, Defendant in Error.

409 S.W.2d 359.

(*Knoxville,* September Term, 1966.)

Opinion filed November 14, 1966.

William R. Hurst, of counsel, Gillenwater, Hurst, Moses & Griffin, Knoxville, for plaintiff in error.

Lewis S. Howard and John T. Baugh, of counsel, Donaldson, Montgomery & Kennerly, Knoxville, for defendant in error.

Mr. Justice Dyer delivered the opinion of the Court.

This is a Workmen's Compensation case presenting the one issue of whether the claim is barred by the one year statute of limitations. The trial judge, finding the statute applied, dismissed the petition resulting in this appeal by plaintiff in error, Sandra Watkins.

The petition filed 21 February 1966 alleges as follows:

That while employed and while in the scope and course of her employment, on or about the evening of January 6, 1965, petitioner was engaged in carrying out her duties as a registered nurse for the aforesaid employer and was moving and working with bed patients. That following that evening of work, she noticed pain and discomfort, however, she was not aware that she had injured herself until a visit with a doctor on the 22nd day of February, 1965. Her attending physician, Dr. George Inge, placed the petitioner upon immediate care and treatment for an acute back strain and arranged for her admission to the employer hospital within a matter of hours. It was on the foregoing date of February 22, 1965, that the petitioner was aware

that she had suffered an injury to her back, and would show that she did in fact suffer an acute back strain of disabling proportions.

Plaintiff in error, a registered nurse employed by the University of Tennessee Hospital in Knoxville, injured her lower back on 6 January 1965 during the process of turning patients in bed. She continued work using a heat pad at night to relieve the pain in her back. On 15 January 1965 she requested transfer to another ward where she would not have to turn or lift patients giving the reason her back trouble. On or about 15 January 1965, while on duty, she talked to Dr. John Yoder, a resident in orthopedics at this hospital, about her back injury. Dr. Yoder advised her if she did not have leg pain it would not be a disc or anything serious. Dr. Yoder also advised sleeping in a "board" bed. By 22 February 1965 the heating pad would not relieve the pain and she went to Dr. George Inge. Dr. Inge entered her in the University Hospital treating her with traction and physical therapy. Dr. Inge made a diagnosis of acute back strain.

The trial judge found:

Of course, she knew immediately that she was suffering even though she may have thought that she was going to get well. She even consulted a doctor in the hospital there on the 15th from her own testimony. The Court feels that she knew that she was suffering from a disability on or about January 15th, 1965, and that as a result of that, the Statute of Limitations has run and I will dismiss the case.

In *Griffitts v. Humphreys*, 199 Tenn. 528, 529, 288 S.W.2d 1, 2 (1955) this Court held the one year statute

of limitations, in Workmen's Compensation cases, would begin to run from the occurrence of the injury. In the very recent case of *Imperial Shirt Corporation v. Jenkins*, 217 Tenn. 602, 399 S.W.2d 757 (1966) this court quoting from Larson on Compensation, Vol. 2, Sec. 78.41 said:

"Yet the great majority of courts have been sufficiently impressed with the acute unfairness of a literal application of this language to read in an implied condition suspending the running of the statute until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained.

In the case at bar the trial judge found plaintiff in error knew she had suffered a compensable injury from on or about 15 January 1965. This finding by the trial judge presents a fact situation and the issue here on appeal is whether there is any material evidence to support this finding.

Plaintiff in error testified she hurt her back on 6 January 1965, and though she may not have known she had suffered a compensable injury on this date, yet with her training and experience as a registered nurse it should have been apparent to her such was the case on or about 15 January 1965. The pain in her back continued and she consulted Dr. Yoder in regard to this matter. There is material evidence to support this finding by the trial judge. Judgment affirmed.

BURNETT, CHIEF JUSTICE, CHATTIN and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.