**Gertrude E. TAYLOR, Appellant,**

**v.**

**CLAYTON MOBILE HOMES, INC., Appellee.**

Supreme Court of Tennessee.

Nov. 12, 1974.

Wallace F. Burroughs, Knoxville, for appellant.

Stephen C. Daves, Knoxville, for appellee; O'Neil, Parker, Williamson & Bond, Knoxville, of counsel.

## OPINION

HARBISON, Justice.

This is a suit for workmen's compensation benefits resulting from an accidental injury sustained by the employee, appellant here, on September 23, 1971. Suit was not filed until August 3, 1973, over twenty-two months from the date of the accident.

The chancellor, upon the evidence submitted to him, found that the action was barred by the one-year statute of limitations as contained in T.C.A. §§ 50–1003 and 50–1017. The chancellor found that the appellant had an injury known to her for more than one year prior to the time she brought her suit. As stated by this Court in the case of Watkins v. Home Indemnity Company, 219 Tenn. 276, 409 S. W.2d 359 (1966):

"This finding by the trial judge presents a fact situation and the issue here on appeal is whether there is any material evidence to support this finding."

219 Tenn. at 279, 409 S.W.2d at 360.

Appellant sustained an accidental injury when she fell from a chair while performing her work at Clayton Mobile Homes, Inc. on September 23, 1971. In this fall she sustained a fracture of the sacrum for which she was treated over the next two months by her family physician, Dr. John Kennedy, and Dr. Leon J. Willien. She recovered from the fracture of the sacrum without permanent disability and without

loss of time from work. She did incur medical expenses, which were duly paid by the workmen's compensation carrier for the employer.

In this action appellant contends that she also sustained injuries to her cervical spine as a result of the fall, which ultimately resulted in a cervical laminectomy in February 1973. Appellant did not sustain any loss of time from work as a result of the alleged injury to her cervical spine until some time in August 1972. She was hospitalized at the East Tennessee Baptist Hospital on August 21, 1972 for cervical strain, but no records of this hospitalization have been filed in the present action. After being discharged from the hospital appellant returned to her work and continued to work until January 1973. She testified that the pain in her neck, shoulder and arm at that time were so persistent that she was again hospitalized, this time under the care of a neurosurgeon, Dr. Joe D. Beals. He performed a myelogram on January 30, 1973 and thereafter performed a total laminectomy at the level of the fifth and sixth cervical vertebrae on February 7, 1973.

Appellant testified that she suffered pain in the cervical area from the time of the accident on September 23, 1971. She said, however, that for the first two months immediately following the accident the pain in her sacrum was so severe that she did not pay great attention to the discomfort in the cervical area. After November, however, the discomfort in the cervical region increased, to the point that she had to apply a heating pad on various occasions to seek relief. Her testimony is indefinite as to what her condition was between November 1971 and the summer of 1972, but she testified that finally, in July or August 1972, she went to Dr. Eidson Smith, an orthopedic surgeon. Dr. Smith had treated her before the accident in question. Her medical history reflects that she had had a previous cervical laminectomy in 1966, and apparently her pain and discomfort had progressed during the summer of 1972 to

the point that she returned to this orthopedic surgeon. She testified that she saw Dr. Smith on at least two occasions before he hospitalized her on August 21, 1972.

There is no report of any kind from Dr. Smith in the record, and, although the briefs state that Dr. Smith died before trial of this case, the date of his death does not appear. Whether or not he left any records concerning his diagnosis and treatment or concerning any advice given to appellant also does not appear. As previously stated, the records of this hospitalization were not filed. The records of the 1973 hospitalization make brief reference to them and indicate that appellant was hospitalized for cervical strain, that she was given conservative treatment and was discharged without obtaining any substantial relief.

In the records of the 1973 hospitalization, during which the laminectomy was performed, there is no reference at all to the September 1971 accident or as to any causal relation between the accident and the subsequent laminectomy. In a report dated June 11, 1973 Dr. Beals, the neurosurgeon, wrote to Dr. Kennedy as follows:

> "For your records, the following is a brief summary of her illness. In the fall of 1971, she slipped on a floor while working for Clayton Mobile Homes and fell backward in a sitting position with her arms out stretched behind her. She states that at this time she had an injury to her lower back and neck. After several weeks her low back improved, but her neck continued to hurt.

> "August, 1972, admitted to East Tennessee Baptist Hospital under the care of Dr. Eidson Smith because of neck pain and cervical strain, but states she did not improve with the conservative treatment."

Trial of this case was conducted in an abbreviated manner. Appellant did not testify, but her discovery deposition, which had been taken by counsel for appellee,

was filed in the record. In this deposition she was asked why she thought that the accident in September of 1971 was the cause of her present trouble. Her reply was as follows:

"Because I didn't have it before and I have had it ever since until this surgery which corrected it in the back of my neck and I have a slight pain right here, occasionally."

Appellant further testified:

"Q Does the doctor tell you that the trouble in that leader was caused by the accident in September of '71?

"A No.

"Q What does he say, or does he say?

"A He says it could be associated with the trouble, though.

"Q It could be, but he doesn't know?

"A He doesn't know for sure.

"Q Otherwise, have you recovered from this injury of September 1971 other than that leader?

"A No, Sir, I would say I'm not because I think this surgery must to have had to come about by this. I don't know of anything else that caused it."

Appellant did not state which doctor she was referring to in this testimony, or when she was told that her cervical problem "could be associated" with the accident.

■ Although the defense of the statute of limitations is an affirmative defense under Rule 8.03 of the Tennessee Rules of Civil Procedure, this Court is bound by the findings of fact of the chancellor if there is any material evidence to support them. He reviewed the record carefully, and concluded that the appellant had sufficient knowledge, or reasonably should have had sufficient knowledge, that she had a claim for workmen's compensation more than one year prior to the filing of her suit.

Her testimony indicates the presence of continued and persistent pain in the cervical area from the time of the accident. Appellant had had a previous history of cervical injury and had undergone previous surgery in the cervical region. Her pain and discomfort persisted to the point that she was required to use home remedies, and thereafter to return to the orthopedic surgeon who had previously operated on her.

This Court is aware of the liberality with which workmen's compensation proceedings are properly to be viewed, and is reluctant to dismiss a claim upon the basis of the statute of limitations. In a number of reported cases, the Court has held that a late-filed action may be maintained where the employee does not receive an accurate diagnosis of his condition or does not otherwise have sufficient information to put him on notice that he has a claim until less than one year from the date of filing. Loss of time from wages and accurate diagnosis have been two of the indicia or material considerations in each of these cases. The subject was recently reviewed by the Court in the case of Reed v. Genesco, Inc., 512 S.W.2d 1 (Tenn.1974). There, summarizing previous cases, the Court stated that the statute of limitations is suspended "until by reasonable care and diligence, it is discoverable and apparent that a compensable injury has been sustained."

The chancellor has found in the present case that the appellant had sufficient knowledge of a compensable injury more than one year prior to the filing of the present suit.

■ While the record in the present case does show that the appellant did not sustain loss of time from work until less than one year prior to filing, it also shows the existence of persistent pain and discomfort attributed by appellant to the accident for more than one year before suit was filed. The appellant has failed to establish her claim of delayed knowledge,

and the cases do not require that a claimant have exact or precise information as to the nature of his injury before the statute begins to run.

The judgment of the chancellor is supported by material evidence and is affirmed at the cost of appellant.

FONES, C. J., and HENRY, COOPER and BROCK, JJ., concur.