**Mary Evelyn HIBNER,
Plaintiff-Appellant,**

v.

**ST. PAUL MERCURY INSURANCE COMPANY and McKendree Manor, Inc., Defendants-Appellants.**

Supreme Court of Tennessee,
at Nashville.

July 27, 1981.

**110**

Bart Durham, Nashville, for plaintiff-appellant.

William C. Moody and William A. Moody, Moody & Moody, Nashville, for defendants-appellants.

## OPINION

COOPER, Justice.

In this appeal of a worker's compensation action, the controlling issue is whether or not the employee's action is barred by the one year statute of limitations set forth in T.C.A. §§ 50–1003 and 50–1017. The chancellor concluded that the action was not barred and awarded the employee disability benefits, but denied her recovery of medical expenses on the ground that the expenses had been paid by "a third party source." Both the employee and the employer appealed, the employee seeking recovery of medical expenses and the employer taking issue with the trial judge's finding on the issue of the statute of limitations. The parties now agree that the employee is entitled to recover medical expenses incurred in treating her injury in the event her claim for benefits is not barred by the statute of limitations. Of course, if the employee's action is barred, the judgment in favor of the employee must be set aside and the case dismissed.

The accident upon which Mrs. Hibner bases her claim occurred on April 27, 1977. Suit was filed on February 13, 1980, some two years and ten months after the accident. The employer insists the statute of limitations began to run on April 27, 1977, the date Mrs. Hibner injured her back. On the other hand, Mrs. Hibner insists that her disability did not manifest itself in any way until May, 1979, and that the statute of limitations did not begin to run until that date.

The determination of the time the statute of limitations begins to run often is troublesome, not from the standpoint of what triggers the running of the statute but from a factual standpoint. It is now settled that the date the employee's disability manifests itself to a person of reasonable diligence, not the date of the accident, triggers the statute of limitations. *Davidson & Graham Const. Co. v. McKee,* 562 S.W.2d 426 (Tenn.1978); *Norton Co. v. Coffin,* 553 S.W.2d 751 (Tenn.1977); *Union Carbide Corp., Food Prod. Div. v. Cannon,* 523

S.W.2d 360 (Tenn.1975); *Imperial Shirt Corporation v. Jenkins*, 217 Tenn. 602, 399 S.W.2d 757 (1966); *Griffitts v. Humphrey*, 199 Tenn. 528, 288 S.W.2d 1 (1955).

The facts in this case are not in material dispute. The record shows that Mrs. Hibner immediately notified her employer of the accident of April 27, 1977. She was examined by the "in-house" doctor, who advised self-treatment by heat packs.

In May, 1977, Mrs. Hibner was seen on two occasions by Dr. Vincent R. Couden, an orthopedic specialist, who concluded that Mrs. Hibner's injury was "probably muscular in nature." He told Mrs. Hibner her problem was not serious and that she could continue to work but not to do "heavy duties" for a while. She followed his advice and worked regularly.

In September, 1977, Mrs. Hibner's work assignment was changed from that of a nurse's aide to an assistant activities coordinator, charged with arranging activities for the patients. The new job was not as taxing physically as the old, but did require Mrs. Hibner to clean and vacuum the dining hall and patient's room whenever the patients celebrated special occasions.

In February, 1978, Mrs. Hibner returned to Dr. Couden for treatment, complaining of intermittent back pain. Dr. Couden diagnosed her trouble as "recurrent back strain," treated her by the use of antiinflammatory drugs, and instructed her to continue to work. She did so.

Mrs. Hibner next sought medical treatment on April 27, 1979. At that time she complained of pain extending from her back into her hip and the calf of her leg. The examination by Dr. Couden revealed for the first time objective symptoms of nerve root involvement. His tentative diagnosis was confirmed by a myelogram examination, and Mrs. Hibner underwent surgery on May 18, 1979, for the removal of a ruptured disc.

Dr. Couden expressed the opinion that Mrs. Hibner's disc problem and resulting disability were more likely than not the result of her injury in late April, 1977.

In our opinion the above evidence supports a determination by the trial judge that Mrs. Hibner did not know, and had no reason to know, that she had sustained a compensable injury in the April, 1977, accident until she was so informed by her treating physician in April, 1979. Her injury was such that she lost no time from work. On the occasions she had noticeable back pain, she sought medical treatment and was advised that her condition was not serious and that she had no disability. She had no reason to doubt these diagnoses until late April, 1979, when the location of her pain became more extensive. It was then that her treating physician informed her that she had a herniated, or ruptured, disc in the lumbar area of her spine. There being no other basis to attribute to Mrs. Hibner the knowledge that she had sustained a compensable injury, the statute of limitations did not begin to run until April, 1979. The present action, being filed on February 20, 1980, then was in time and Mrs. Hibner is entitled to recover benefits afforded her under the Worker's Compensation Act.

The employer has cited *Travelers Insurance Co. v. Jackson*, 206 Tenn. 272, 332 S.W.2d 674 (1960) and *Taylor v. Clayton Mobile Homes, Inc.*, 516 S.W.2d 72 (Tenn. 1974), in support of its insistence that the present action is barred by the statute of limitations. The decisions in those cases are not inconsistent with our holding in the instant case. The same rule of law was applied in each case. The material distinction was one of fact. In each case cited by the employer, the trial judge found as a matter of fact that the employee knew or had reason to know that he had sustained a compensable injury in the on-the-job accident and this court found material evidence to support the findings of the trial judge. In the *Jackson* case, the employee was shown to have been continually under a partial physical disability from the time of his accident. In *Taylor*, the employee's testimony revealed the presence of continued and persistent pain in the cervical area from the date of the accident, plus hospitalization more than one year prior to filing

suit, for treatment of that condition without beneficial results. In the instant case the trial judge found—based on material evidence—that Mrs. Hibner did not know, nor had reason to know, that she had a compensable injury until the onset of symptoms of a disc injury in April, 1979. Under the applicable rule of law, it was at this time that the statute of limitations began running.

The judgment of the trial court is modified to permit Mrs. Hibner to recover medical expenses in the amount of $2,293.25. As modified, the judgment is affirmed. Costs are adjudged against McKendree Manor, Inc., and its insurance carrier, St. Paul Mercury Insurance Company. The cause is remanded to the trial court for the enforcement of the judgment.

HARBISON, C. J., and FONES, BROCK and DROWOTA, JJ., concur.