**Billy Ray THREADGILL, Appellant,**

v.

**LEXINGTON METAL PRODUCTS CO., INC., and American Mutual Liability Insurance Company, Appellees.**

Supreme Court of Tennessee, at Jackson.

May 10, 1982.

George R. Fusner, Jr., Jackson, for appellant.

Thomas H. Rainey, Menzies, Rainey, Kizer & Alderson, Jackson, for appellees.

## OPINION

COOPER, Justice.

The primary issue in this worker's compensation action is whether the employee's action was barred by the one year statute of limitations set forth in T.C.A. § 50–1003. The chancellor concluded that it was. On reviewing the record, we find material evidence to support the findings of the chan-

cellor material to a determination of the issue of the statute of limitations, and affirm his decree dismissing the action.

T.C.A. § 50–1003 provides that:

The right to compensation under the Work[er's] Compensation Law shall be forever barred, unless within one (1) year after the accident resulting in injury or death occurred the notice required by § 50–1002 is given the employer and a claim for compensation under the provisions of this law is filed with the tribunal having jurisdiction to hear and determine the matter; provided that, if within said one (1) year period voluntary payments of compensation are paid to the injured person or his dependents, an action to recover any unpaid portion of the compensation, payable under this law, may be instituted within one (1) year from the time the employer shall cease making such payments, except in those cases provided for by § 50–1024.

As noted in *Norton Co. v. Coffin,* 553 S.W.2d 751 (Tenn.1977), "important gloss has been added to the statute by decisions of this Court." It is now settled in this state that the running of the statute of limitations is suspended until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained. *Union Carbide Corp., Food Prod. Div. v. Cannon,* 523 S.W.2d 360 (Tenn. 1975); *Imperial Shirt Corporation v. Jenkins,* 217 Tenn. 602, 399 S.W.2d 757 (1966). Also, "voluntary payments of compensation" by the employer or his insurer which will toll the running of the statute of limitations under the savings proviso of the statute includes the furnishing of medical services through physicians or others employed by the employer or his insurer. *Fields v. Lowe Furniture Corp.,* 220 Tenn. 212, 415 S.W.2d 340 (1967).

It is undisputed that appellant injured his back on March 19, 1973, in an on-the-job accident. It also is undisputed that appellant first filed his complaint on February 17, 1976.[1] From the time frame of these two actions, it is apparent that appellant's

suit is barred by the one year statute of limitations on actions for worker's compensation benefits, unless the evidence demonstrates either (1) that appellant's injury, and the circumstances attendant the injury, were such that appellant could not discover, through the exercise of reasonable care and diligence, that he had sustained a compensable injury until a time within one year of the date of filing of his complaint, or (2) that the employer or his insurer made "voluntary payments of compensation" within one year of the date of filing of the complaint.

On these latter two issues, the record shows that after his on-the-job injury, appellant was off from work until October 22, 1973. During the time he was unable to work, appellant was treated by several doctors with the approval of appellees, as shown by the fact that appellee paid the medical bills. Appellees also paid appellant temporary total disability benefits for the period March 19, 1973, to October 22, 1973.

After appellant returned to work, he reinjured or aggravated his back injury in two separate non-work-related incidents. In one, appellant pulled on the emergency brake of his truck, and in the other appellant picked up a football. Appellant told his treating physician that he had worked "fairly regularly" until he pulled the emergency brake in his truck. He further stated that he had experienced an increase in his back and lower extremity symptoms after each of the two incidents.

In May 1974, appellant learned that Dr. Ray Tyrer, a treating physician, had given him a ten percent permanent partial disability rating of the body as a whole as the result of the on-the-job injury of March 19, 1973. Appellant refused a settlement offer because he thought he had more disability than ten percent. There is evidence that, thereafter, appellant consulted an attorney and asked questions concerning the statute of limitations applicable to worker's compensation actions.

---

1. Appellant took a voluntary nonsuit and re-  filed his action on April 15, 1978.

Also, in May, 1974, Dr. E. B. Wilkinson prescribed a back brace for use by appellant. Appellant purchased the brace from the Mid-South Brace Company, and filed a claim for payment under his group insurance coverage with Blue Cross-Blue Shield. The claim was paid but appellant, in turn, did not pay Mid-South Brace. Subsequently, Mid-South sought payment from appellees. Appellees declined to pay the bill, indicating that they did not want to further suspend the running of the statute of limitations but that they would probably pay the claim after the statute of limitations had run its course.

On November 1, 1974, appellees paid outstanding medical bills, except for the back brace.

In February, 1975, appellant sought to have appellees commit themselves to payment for a then scheduled lumbar laminectomy and bilateral fusion. Appellees refused to pay for the operation, contending that it was necessitated by the two non-work-related injuries.

Appellant underwent the surgery on February 18, 1975. The fusion was not completely successful and appellant underwent a second operation in April, 1976. The major part of the expense of the two operations was paid by Blue Cross-Blue Shield on application of appellant and his statement that the operations were not necessitated by a job related injury.

On January 6, 1976, appellees paid for the back brace purchased by appellant in May, 1974.

On February 17, 1976, appellant filed an action seeking to recover worker's compensation benefits allegedly due as the result of the March 19, 1973, on-the-job injury.

From this evidence, the chancellor concluded that the appellant's cause of action for worker's compensation benefits was barred by the statute of limitations on such actions. On being requested to make a written finding of facts, the chancellor found that appellees did nothing to mislead appellant, nor to defraud him, and that appellees were not estopped to plead and rely upon the statute of limitations. The chancellor also found that appellant knew, no later than June, 1974, that he had sustained a compensable injury which had resulted in permanent disability and which entitled him to benefits under the worker's compensation law. The chancellor went on to note that appellant was not only aware of these facts, but had sought the advice of counsel prior to the running of the statute of limitations and was aware of the fact that his claim could be barred because of the existence of a statute of limitations.

The chancellor further found that the last payment of medical expenses was made on November 1, 1974, and that appellees did not provide or authorize any medical services after that time which would begin a new period for the statute of limitations. The chancellor specifically found that the January, 1976, payment for the back brace purchased by appellant in 1974, coming as it did after the claim had been barred by the passage of time, "did not operate to revive [appellant's] action or to begin a new period of the statute of limitations."

In our opinion, the several findings by the chancellor set out above are supported by material evidence. We are also of the opinion that the chancellor was correct in holding that the payment of a medical bill for services previously rendered, standing alone, does not revive an already barred cause of action for worker's compensation benefits. *See Union Carbide Corp., Foods Products Division v. Cannon*, 523 S.W.2d 360 (Tenn.1975). *See also* 3 Larson's Workmen's Compensation Law wherein it is stated in Section 78.43(b):

Once the claim has been barred by the passage of time, it will not be revived and a new period will not be set in motion by the furnishing of medical service years after the injury. The objective of the statute being to protect the claimant who reasonably refrains from making claim because of the receipt of benefits voluntarily supplied, no claimant can allege that his failure to make timely application was excused by something that happened after the claim was already barred.

Appellant makes the argument that appellees adopted appellant's doctors and that services rendered by them, specifically the operation of February, 1975, and the follow up treatment including the operation in April, 1976, are attributable to appellees. Appellant then reasons that since these medical services were within one year of the time appellant learned, through due diligence, that he had a permanent disability from the on-the-job injury of March 19, 1973, the statute of limitations never ran. We see no merit in this argument. It ignores the fact that at all times, appellees took the position that the operation and follow-up treatment were necessitated by non-work related injuries sustained by appellant. And, more importantly, appellant ignores the fact before the operations were performed, appellees specifically refused to authorize the operations or accept responsibility for payment of attendant medical expenses. Under these circumstances, there is no basis for holding that appellees adopted appellant's doctors and that medical services rendered by them were medical services furnished by appellant. The chancellor found that appellees did not provide or authorize any medical services after November 1, 1974. As heretofore noted, there is evidence to support this finding and it is binding on this court.

Decree affirmed. Costs incident to the appeal are adjudged against the appellant and his surety.

HARBISON, C. J., and FONES, BROCK, and DROWOTA, JJ., concur.