**James Glen OSBORNE, Plaintiff-Appellee,**

v.

**BURLINGTON INDUSTRIES, INC., KLOPMAN DIVISION, Defendant-Appellant.**

Supreme Court of Tennessee, at Knoxville.

June 25, 1984.

Thomas R. Grayson, George T. Wright, Mountain City, for defendant-appellant.

Dean Greer, Kingsport, for plaintiff-appellee.

## OPINION

DROWOTA, Justice.

This worker's compensation action was filed by James Glen Osborne, Appellee, to recover benefits for a back injury which he received while employed by Appellant, Burlington Industries, Inc., Klopman Division. The trial judge found that Mr. Osborne suffered a continuing or gradual injury which originated on July 10, 1980, that proper notice of the injury was timely given to Burlington and that the action was filed within the statute of limitations. Mr. Osborne was awarded temporary total disability from January 22, 1983, to May 12, 1983, permanent partial disability to the body as a whole which was commuted to one lump sum, and medical expenses which he incurred as a result of the injury. Burlington Industries raises three issues on appeal to this Court: (1) whether timely notice of the injury was given; (2) whether the action is barred by the statute of limitations; (3) whether material evidence supports a finding that the injury arose out of and in the course of Mr. Osborne's employment.

At the time of his injury, Mr. Osborne was employed by Burlington Industries as a "doffer packer," a job that required continuous lifting and twisting. On July 10, 1980, while performing his normal duties, he experienced a sharp pain in his back. He immediately informed his supervisor who took him to the aid station where he was treated with heat and aspirin. Subse-

quent to the injury, Mr. Osborne was seen by his personal physician, Dr. Donald Tarr, who prescribed "muscle relaxers." He was seen on occasion by both Dr. Tarr and Dr. Kahn at Veteran's Administration Hospital to determine the nature of his back injury. Although the acute symptoms of his injury subsided following the July 10, 1980, incident, Mr. Osborne nevertheless developed pain in his legs and pain in his back.

Notwithstanding his condition, Mr. Osborne continued to work. He discussed his condition with his new supervisor who occasionally assigned him lighter work and also treated him at the Burlington Industries aid station. Over a period of time, his condition gradually deteriorated and he was again referred to the Veterans's Administration Hospital by Dr. Tarr in January, 1983. He was initially seen by Dr. Kahn who then referred him to Dr. John Barwick, Chief of Orthopedics. On January 19, 1983, Dr. Barwick diagnosed Mr. Osborne as having a ruptured disc and recommended immediate hospitalization.

Mr. Osborne was admitted to the Veteran's Administration Hospital on Saturday, January 22, 1983. He did not enter the hospital immediately because he did not want to miss work and Burlington Industries was closed down during the week following the day he entered the hospital. He was subsequently transferred to the hospital in Durham, North Carolina where a myelogram was performed on January 26, 1983. The results of the myelogram confirmed Dr. Barwick's diagnosis and Mr. Osborne underwent surgery on February 2, 1983.

At the time of his discharge on February 10, 1983, Mr. Osborne was considered one hundred percent disabled until his follow-up evaluation; however, his doctors informed him that he could expect to return to his former job in four to six weeks. He did not improve as expected, and on May 11, 1983, he was advised for the first time that he had a permanent back injury. On June 20, 1983, he filed this cause of action.

■ Regarding the question of notice, Burlington Industries argues that the initial notice of the injury on July 10, 1980, was inadequate. Burlington takes the position that Mr. Osborne had thirty days from January 21, 1983, his last day of work, in which to give notice. It is undisputed, and the trial judge found, that Mr. Osborne gave notice of his initial injury to his supervisor on July 10, 1980. The trial judge also found that the injury was of a continuous or gradual nature and that Mr. Osborne's condition deteriorated after July 10, 1980. The question remains whether the notice given on July 10, 1980 satisfied the notice requirements under our worker's compensation law.

The statutory provision that covers notice of injuries, T.C.A. § 50–6–201, provides in pertinent part:

> Every injured employee or his representative shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has not actual notice, written notice of the injury.

There is no question that Mr. Osborne informed his supervisor of the pain he experienced on July 10, 1980. He also discussed his back condition with his new supervisor who assigned him less strenuous work and even treated him at the aid station.

In *Quaker Oats Co. v. Smith,* 574 S.W.2d 45 (Tenn.1978), this Court addressed the issue of whether the employee had satisfied the notice requirement when she reported to her supervisor that she had suffered an injury in a fall. Addressing the employer's argument that the notice was inadequate because the employee informed the employer of injury to her legs but did not mention her back injury, the Court stated:

> [W]e know of no requirement that an employee give notice of each of several injuries he received in an on-the-job accident. He is in compliance with the statutory requirement of notice if he notifies his employer of the accident and the fact that he has suffered an injury. The nature and extent of the employee's injuries, and the issue of medical causation,

usually come to light in the course of treatment of the employee's injuries.

574 S.W.2d at 48.

Mr. Osborne complied with the statutory requirements when he informed his supervisor of his injury on July 10, 1980.

■ Burlington Industries also argues that Mr. Osborne's claim is barred by the one year statute of limitations. Underlying this argument is the contention that Mr. Osborne did not exercise reasonable care and diligence in discovering the nature and extent of his injury. The trial judge found that Mr. Osborne had no real knowledge of the severity of his injury until early 1983. The record clearly supports this conclusion.

The case at bar is very similar to *Hibner v. St. Paul Mercury Ins. Co.*, 619 S.W.2d 109 (Tenn.1981). In that case, the plaintiff was involved in an accident in April, 1977; however, it was not until April 1979, that she was informed by her treating physician that the injury sustained in that accident was compensable.

Her injury was such that she lost no time from work. On the occasions she had noticeable back pain, she sought medical treatment and was advised that her condition was not serious and that she had no disability. She had no reason to doubt these diagnoses until late April, 1979, when the location of her pain became more extensive. It was then that her treating physician informed her that she had a herniated, or ruptured, disc in the lumbar area of her spine. There being no other basis to attribute to Mrs. Hibner the knowledge that she had sustained a compensable injury, the statute of limitations did not begin to run until April, 1979.

619 S.W.2d at 111.

Similarly, Mr. Osborne had no reason to know that his injury was compensable until January 19, 1983, when Dr. Barwick diagnosed him as having a ruptured disc. It was not until that time that the statute of limitations began to run. Accordingly, Mr.

Osborne's action is not barred since it was filed on June 20, 1983.

■ The final issue raised by Burlington Industries is whether the record contains material evidence to support the finding by the trial court that Mr. Osborne's injury arose out of and in the course of his employment. We are bound by the findings of the trial court if they are supported by any material evidence. *Trane Co. v. Morrison*, 566 S.W.2d 849 (Tenn.1978). However, the causation of an injury must be established by expert medical testimony. *Argonaut Ins. Co. v. Williams*, 580 S.W.2d 784, 785 (Tenn.1979); *Floyd v. Tennessee Dickel Distilling Co.*, 225 Tenn. 65, 68, 463 S.W.2d 684, 686 (1971).

■ In the present case, the only medical testimony introduced was that of Dr. Barwick. In his deposition, Dr. Barwick testified that the injury suffered by Mr. Osborne, a ruptured disc, is the type of condition that develops gradually over a period of time, and that the injury "could be" the result of his job. Additionally, Mr. Osborne testified that in his opinion, his injuries were a result of his job activities. Taken together, this evidence supports the findings made by the trial court.

In a workmen's compensation case, a trial judge may properly predicate an award on medical testimony to the effect that a given incident "could be" the cause of the plaintiff's injury, when he also had before him lay testimony from which it may reasonably be inferred that the incident was in fact the cause of the injury. (citations omitted)

*P & L Construction Co., Inc. v. Lankford*, 559 S.W.2d 793, 794 (Tenn.1978).

The judgment of the trial judge is affirmed. Costs of this appeal are taxed to the Appellant.

COOPER, C.J., and FONES, BROCK and HARBISON, JJ., concur.