**Erma Lee JONES, Plaintiff-Appellee,**

v.

**HOME INDEMNITY INSURANCE COMPANY, Defendant-Appellant.**

Supreme Court of Tennessee,
at Jackson.

Oct. 29, 1984.

Ricky L. Boren, Jackson, for plaintiff-appellee.

Richard Glassman, Memphis, for defendant-appellant.

OPINION

BROCK, Justice.

The defendant appeals from a decree of the trial court awarding to the plaintiff employee benefits under the Worker's Compensation Law. The sole issue presented is whether or not there is evidence in the record to support the holding of the trial court that the statute of limitations of one year had not run on the plaintiff's cause of action which was filed August 25, 1980. More specifically, the issue is whether or not the statute began to run on July 30, 1979, the date on which the compensable accident occurred or on November 19, 1979, when plaintiff's condition was first diagnosed as a permanent injury in the form of a ruptured intervertebral disc.

We find abundant evidence in the record to support the findings and conclusions of the trial court and, accordingly, affirm his decree.

Plaintiff's injury occurred on July 30, 1979, when she suffered a stinging sensation in her back while lifting a heavy vertical door on the premises of her employer prior to leaving work. She sought treatment from Dr. Williams who found her to be suffering from acute back sprain and undertook to treat her with conservative measures while she remained off work from July 31, 1979, to August 6, 1979. Dr. Williams did not suspect any permanent injury and advised the plaintiff that she could return to work on August 6, 1979, and that she would "get well." Dr. Williams at no time told the plaintiff that she had any permanent injury. The plaintiff did resume her work and between August 23, 1979, and November 8, 1979, she missed only one day of work on two separate occasions.

During the second week of November her pain became more intense and began to radiate from her low back into her right leg all the way to the great toe of her right foot. Plaintiff last worked for her employer on November 10, 1979.

On or about November 19, 1979, the plaintiff was examined by Dr. R.L. Winston who admitted her to the hospital for observation and tests and referred her to Dr. J. Rowland who conducted a myelogram and diagnosed her difficulty as a ruptured intervertebral disc. Dr. Rowland at that time performed a laminectomy to remove the protruded disc. Prior to the diagnosis and surgery by Dr. Rowland, the plaintiff was not aware of the fact that she had a ruptured intervertebral disc or other permanent injury; the trial judge so found and the evidence supports that finding.

The trial court made a specific finding that plaintiff's compensable permanent injury did not manifest itself until on or about November 19, 1979, well within one year prior to her filing suit on August 25, 1980.

The trial court held that this case was not distinguishable from our recent decision in *Hibner v. St. Paul Mercury Ins. Co.*, Tenn., 619 S.W.2d 109 (1981) wherein we held:

> "It is now settled that the date the employee's disability manifests itself to a person of reasonable diligence, not the date of the accident, triggers the statute of limitations. (Citations omitted.)" 619 S.W.2d at 110.

We agree that the *Hibner* decision controls a proper disposition of the instant case.

The only physician who treated the plaintiff's injury from the date it occurred on July 30, 1979, to November 19, 1979, was Dr. Williams who diagnosed her problem as nothing more than an acute back sprain for which he treated her conservatively with heat, analgesics and rest for a week. After the week of rest he permitted her to resume her duties with her employer which she did and continued to work from August 6, 1979, to November 10, 1979. Moreover, Dr. Williams told her that she "would get well." The evidence supports the finding of the trial court that the plaintiff had no reason to believe that she had a permanent injury until she was so informed on or about November 19, 1979, by Dr. Rowland

following the disclosure of her ruptured disc by myelogram and surgery. Accordingly, on the authority of *Hibner v. St. Paul Mercury Ins. Co., supra,* and the cases therein cited we affirm the decree of the trial court in this case.

Costs are taxed against the appellant and surety.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.