**John H. McLERRAN,**
**Plaintiff-Appellant,**

v.

**MID–SOUTH STONE, INC.,**
**Defendant-Appellee.**

Supreme Court of Tennessee,
at Nashville.

Aug. 5, 1985.

J.H. Reneau III, James D. White, Jr., Celina, for plaintiff-appellant.

W. Lee Corbett, David S. Zinn, Nashville, for defendant-appellee.

OPINION

BROCK, Justice.

In this worker's compensation case, the sole issue on appeal is whether the trial court properly granted the defendant's motion for summary judgment on the basis that the action was barred by the applicable one-year statute of limitations, T.C.A., § 50–6–203. For the reasons hereinafter stated, we affirm the judgment of the trial court.

Plaintiff received a back injury on April 8, 1981, while working for the defendant. He was unable to return to work until September 21, 1981, after undergoing three surgical procedures, including a bilateral lumbar laminectomy and a second lumbar laminectomy, and a period of recuperation. He worked for approximately one month, with severe restrictions placed upon his activities, until he was laid off, apparently due to his physical limitations. The defendant paid benefits to the plaintiff through September 23, 1981. This suit was filed on January 21, 1983.

T.C.A., § 50–6–203, provides that a suit under the Worker's Compensation Law must be brought within one year after the

accident resulting in injury or death, or within one year from the time the employer ceases to make voluntary payments of compensation. As the statute has been interpreted, the date that the employee's disability manifests itself to a person of reasonable diligence, rather than the date of the accident, triggers the statute of limitations. *Jones v. Home Indemnity Insurance Co.,* Tenn., 679 S.W.2d 445, 446 (1984); *Hibner v. St. Paul Mercury Insurance Co.,* Tenn., 619 S.W.2d 109, 110 (1981). It is the plaintiff's contention that he did not become aware that his disability was permanent until sometime in March or April of 1982, and that the one year limitations period did not begin to run until that time. He argues that a genuine issue of material fact exists as to when the statute of limitations commenced, and that the granting of summary judgment was therefore erroneous.

Prior to his injury in April, 1981, the plaintiff had undergone surgery to repair a ruptured disc on two occasions, in 1977 and 1979. He was ultimately able to return to work after each of the prior surgeries. However, as he testified in his deposition, he continued to have some back problems at those times. He also testified that his 1981 injury was "ten times worse" than the prior injuries.

The plaintiff was treated for his April, 1981, injury by Dr. McPherson, a neurosurgeon. After the surgeries in May and July of 1981, Dr. McPherson placed the plaintiff on an exercise program. On September 17, 1981, he examined the plaintiff and released him to return to work and suggested that the plaintiff be given an office job. According to the affidavit of Dr. McPherson, he told the plaintiff at that time that he would continue to have some back pain but that work might be therapeutic to him. The plaintiff stated in his deposition that he did not recall that statement.

As indicated above, the plaintiff returned to work on September 21, and on September 23 the voluntary payments by the defendant ceased. The plaintiff worked for approximately one month. When questioned at his deposition about his condition during that period, the plaintiff responded as follows:

"Q. Tell us if you would what you recall about how your back felt, how it was when you went back to work in September of '81?

"A. I couldn't hardly walk. I just couldn't do anything. I couldn't bend over. I could drive approximately ten miles and I would have to get out of the truck.

"Q. Why is that?

"A. It would just get to hurting so bad you had to.

"Q. So, you were having some pretty serious, significant problems when you went back to work?

"A. Yes, Sir."

He further testified that the problems continued to persist at the time of the deposition and that due to his back problems he had been unable to find employment since he was laid off.

Plaintiff saw Dr. McPherson for the last time on November 17, 1981. At that time, according to the affidavit of Dr. McPherson, he told plaintiff that his pain might never disappear but should be kept to a minimum by a regular exercise program. The plaintiff admitted in his deposition that Dr. McPherson did tell him on that visit that he would never be completely free from all back pain. He stated by affidavit, however, that Dr. McPherson told him that he should be able to return to his duties in the defendant's employ.

■ It is true, as the plaintiff points out, that questions involving the commencement of the statute of limitations in workers' compensation cases most often are factual in nature. *Hibner, supra,* 619 S.W.2d at 110. Nevertheless, if the material facts are not in dispute, and it is apparent from the record that the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

■ Although there are some discrepancies in the record, in our opinion those discrepancies do not make out a genuine

issue of material fact so as to preclude the grant of summary judgment for the defendant. It is undisputed that the plaintiff knew at the time the defendant's voluntary payments terminated that he was unable to perform his regular job, had severe pain and physical limitations, and was "far from well in his back." He knew that his 1981 injury was much worse than his earlier injuries which had continued to cause him pain when he returned to work. On November 17, 1981, he was told by his physician that he would never be completely free from all back pain. It is clear that, at least by November 17, 1981, the plaintiff knew that, as a result of his injury, he had a permanent disability, although he might not have labeled it that way. The one year statute of limitations commenced more than one year prior to the filing of this action. Accordingly, the trial court properly granted the defendant's motion for summary judgment.

Plaintiff relies upon our decision in *Jones v. Home Indemnity Insurance Co.*, Tenn., 651 S.W.2d 213 (1983), which reversed the trial court's grant of summary judgment for the defendant on the basis that the claim was barred by the statute of limitations. In *Jones*, the plaintiff, who had a back injury, submitted documents in opposition to the motion for summary judgment which indicated that due to shots and medication her pain was temporarily relieved, she was able to return to her regular work schedule, she believed that she was being treated only for pulled muscles in her back, and her physician advised her that her condition was not permanent. In the instant case the undisputed facts establish that the plaintiff knew that he was in severe and relatively constant pain, that he was being treated for a ruptured disc and had undergone a lumbar laminectomy and a bilateral lumbar laminectomy, that he was unable to perform his regular duties at work, and was unable to find other employment. We do not find *Jones* to be controlling in this case.

The judgment of the trial court is affirmed, and the case is remanded to the trial court for the entry of any further orders which may be necessary. Costs on appeal are taxed against the plaintiff-appellant.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.