**Roberta OGDEN, Plaintiff–Appellant,**

v.

**MATRIX VISION OF WILLIAMSON COUNTY, INC., Defendant– Appellee.**

Supreme Court of Tennessee, at Nashville.

Sept. 28, 1992.

R. Price Nimmo, Nashville, for appellant.

John E. Brandon, Watkins, McGugin, McNeilly & Rowan, Nashville, for appellee.

## OPINION

ANDERSON, Justice.

In this workers' compensation case, the only issue presented is whether the plaintiff employee's claim is barred by the one-year statute of limitations contained in Tenn.Code Ann. § 50–6–203. The trial court held the plaintiff's claim barred, and accordingly dismissed the complaint. We agree and affirm.

## FACTS

On January 11, 1986, the plaintiff, Roberta Ogden, a cable television installer, was injured while performing a service call for the defendant, Matrix Vision. Ogden was out of the truck when she noticed it rolling backwards. She reached into the truck and while attempting to stop it, injured her entire right side, head, neck, and back. The truck was ultimately stopped, and she completed the service call, but her injuries were painful.

Because the pain persisted after she finished the service call, Ogden went to Southern Hills Hospital. At the hospital, she was x-rayed, given pain medication, and referred to Dr. David W. Gaw, an orthopedic specialist.

On the following day, January 12, 1986, the plaintiff reported to work and advised her supervisor of what had happened. Despite her injuries and her continuing pain, the plaintiff continued to work every day for approximately three more weeks before she was laid off by the defendant. She testified she had to continue working because she was the sole financial support of her family. Shortly after the lay off, she obtained work and has continually worked since her injury. Her current job is as a computer operator for J.C. Penney Telemarketing.

On February 4, 1986, after being laid off, Ogden went to see Dr. Gaw with complaints of pain in her neck and right shoulder area. Upon examining the plaintiff, Dr. Gaw diagnosed Ogden's injuries as a soft tissue strain of the right neck and right shoulder, and recommended that Ogden undergo physical therapy.

On March 6, 1986, after participating in physical therapy, Ogden returned to see Dr. Gaw with some soreness still in her neck, but most of it gone. Dr. Gaw found Ogden to have good movement and released her from his care with no permanent impairment.

Over 18 months later, on November 23, 1987, Ogden returned to see Dr. Gaw, complaining that the pain in her neck and shoulder was continual and had not changed since her last visit. Dr. Gaw examined the plaintiff again and found that she had some spasm, soreness, and limited movement, but no neurological weakness or sensory changes. His diagnosis and assessment of no permanent impairment remained the same.

Thereafter, Ogden returned to see Dr. Gaw on December 23, 1987, February 11, 1988, November 28, 1988, and April 7, 1989, but there was very little change in her condition or Dr. Gaw's course of treatment. Neither was there any change in his diagnosis or opinion of permanency.

On April 25, 1989, over three years and three months after the date of her accident, Ogden filed a workers' compensation complaint.

After the complaint was filed in April of 1989, the plaintiff did not return to see Dr. Gaw until March 7, 1990. At this time, she was still having flare-ups of pain and dizzy spells. The next and last time Ogden saw Dr. Gaw was April 12, 1990, when he released her from his care.

Dr. Gaw testified that as of her last visit, although he thought her current problems were caused by the 1986 accident, he did not feel Ogden had sustained any permanent impairment as a result of the soft tissue injury.

Following a hearing, the trial court found that whatever information the plaintiff had about her disability on the day she filed her lawsuit, she also had at her disposal for more than one year before that date, and accordingly, that the plaintiff's claim was barred by the one-year statute of limitations contained in Tenn.Code Ann. § 50–6–203. The trial court also found that the statute of limitations had already run before the defendant made certain voluntary benefit payments and that such payments did not toll the statute. As a result, the trial court dismissed the complaint.

Our review of findings of fact by the trial court is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. Tenn.Code Ann. § 50–6–225(e) (1991); *Lollar v. Wal–Mart Stores, Inc.,* 767 S.W.2d 143, 149 (Tenn.1989).

## STATUTE OF LIMITATIONS

■ The only issue we must address is whether the trial court correctly held that the plaintiff's claim is barred by Tenn.Code Ann. § 50–6–203 (1983 & 1991). That section provides:

**50–6–203. Limitation of time.**—The right to compensation under the Workers' Compensation Law shall be forever barred, unless within one (1) year after the accident resulting in injury or death occurred the notice required by § 50–6–202 is given the employer and a claim for compensation under the provisions of this chapter is filed with the tribunal having jurisdiction to hear and determine the matter; provided that, if within said one (1) year period voluntary payments of compensation are paid to the injured person or his dependents, an action to recover any unpaid portion of the compensation, payable under this chapter, may be instituted within one (1) year from the time the employer shall cease making such payments, except in those cases provided for by § 50–6–230.

Although it is not provided in the statute, it is well settled that "the running of the statute of limitations is suspended until by reasonable care and diligence it is discoverable and apparent that an injury compensable under the workmen's compensation law has been sustained." *Norton Co. v. Coffin,* 553 S.W.2d 751, 752 (Tenn.1977). *See also Pentecost v. Anchor Wire Corp.,* 695 S.W.2d 183, 185 (Tenn.1985).

■ The plaintiff contends that the trial court erred in holding her claim barred by the statute of limitations, because her disability did not manifest itself until sometime within the 12 months preceding the filing of the complaint. In making this argument, the plaintiff relies upon our opinions in *Jones v. Home Indem. Ins. Co.,* 679 S.W.2d 445, 446 (Tenn.1984), *Osborne v. Burlington Ind., Inc., Klopman Div.,* 672 S.W.2d 757 (Tenn.1984), and *Hibner v.*

*St. Paul Mercury Ins. Co.,* 619 S.W.2d 109, 111 (Tenn.1981), where in each case we held that the plaintiff's claim was not barred by the statute of limitations because the complaint was filed within one year of the time the doctor changed his diagnosis from back strain with no disability to a herniated disc with permanent disability.

The defendant, on the other hand, contends that the plaintiff's claim is barred because there has been no change in her condition since the time of the accident, and as a result, the plaintiff's current disability manifested itself at least as early as her visit to Dr. Gaw in February of 1986. In making this argument, the defendant relies upon our opinions in *Taylor v. Clayton Mobile Homes, Inc.,* 516 S.W.2d 72, 74–75 (Tenn.1974), *Travelers Ins. Co. v. Jackson,* 206 Tenn. 272, 274–75, 332 S.W.2d 674, 675 (Tenn.1960), and *Mathes v. Blue Ridge Glass Corp.,* 206 Tenn. 19, 21–22, 330 S.W.2d 342, 343–44 (Tenn.1959), where we held that the plaintiffs' claims were barred by the statute of limitations because the complaints were not filed within one year of the injury, and there had been no change in the doctors' diagnoses or the plaintiffs' conditions of constant pain since the dates of their injuries.

After reviewing the medical testimony in the record, we agree with the defendant that plaintiff's claim is barred by the statute of limitations. The medical proof demonstrates that on February 4, 1986, roughly one month after the accident, Dr. Gaw examined the plaintiff and diagnosed her problem as a soft tissue strain of the right neck and right shoulder. One month later, on March 6, 1986, Dr. Gaw released the plaintiff with no permanent impairment. After treating the plaintiff intermittently for four years, Dr. Gaw still held the opinion that the plaintiff suffered from a neck and shoulder sprain without any permanent impairment. Dr. Gaw also referred the plaintiff to other health care professionals during the course of his treatment, but none of the other doctors found anything wrong with the plaintiff except for the neck and shoulder sprain. Moreover, Dr. Buckner, the chiropractor whom the plaintiff chose to see on her own after the complaint was filed, also diagnosed the plaintiff's condition as a neck and shoulder sprain, although he did find permanent impairment. In addition, none of the other doctors who saw the plaintiff upon Dr. Buckner's referral found anything else wrong.

The record shows that the plaintiff has been in almost continual pain, which has not significantly changed since her 1986 injury, and that she knew her pain was work-related. The proof also shows that the state of plaintiff's knowledge and her opinion that she had an injury which needed treatment did not significantly change from the time of her accident until the time she filed suit more than three years later. Dr. Gaw was the only physician who treated her during this time, and his diagnosis and opinion did not change. Based on our review of the record, we agree with the trial court that the plaintiff's work-related injury first manifested itself well over one year before the filing of the complaint on April 25, 1989, and that the statute of limitations, Tenn.Code Ann. § 50–6–203, began running at the time the injury manifested itself.

## VOLUNTARY MEDICAL PAYMENTS

■ The plaintiff contends that even if her disability manifested itself over one year before the complaint was filed, the statute was tolled by the defendant's payment of medical benefits during the 12 months preceding the filing of the complaint. The defendant responds that the statute had already expired before the medical expenses were paid, and the payments could not revive the plaintiff's cause of action.

While it is true that the voluntary payment of medical expenses tolls the statute of limitations until the last payment is made, *Threadgill v. Lexington Metal Products Co.,* 632 S.W.2d 550, 551 (Tenn. 1982); *Union Carbide Corp., Food Prod. Div. v. Cannon,* 523 S.W.2d 360, 362 (Tenn. 1975), it is also true that the voluntary payment of benefits after the statute of limitations has expired does not revive the employee's cause of action. *Threadgill,* 632 S.W.2d at 552, *Union Carbide,* 523 S.W.2d at 364. In this case, the plaintiff

was injured in January of 1986, and the action was not filed until April of 1989. Although the defendant, in its words, "made certain inadvertent payments within 12 months preceding the filing of the action," the one-year statute of limitations had already expired before the filing of the complaint. As a result, the payments made by the defendant in the 12 months preceding the filing of the complaint could neither toll the statute nor revive the plaintiff's cause of action.

Accordingly, we hold that the plaintiff's claim is barred by the statute of limitations contained in Tenn.Code Ann. § 50–6–203. As a result, we affirm the judgment of the trial court in all respects. The costs of this appeal are taxed to the plaintiff-appellant.

REID, C.J., and DROWOTA, O'BRIEN and DAUGHTREY, JJ., concur.