



FILED
Dec 03, 2019
12:15 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Otto Morgan, Jr., by surviving spouse, Janet Gooch Morgan | ) ) | Docket No. 2018-03-1345 |
| | ) | State File No. 81419-2018 |
| v. | ) ) | |
| Lockheed Martin Corporation | ) ) ) | |
| Appeal from the Court of Workers' Compensation Claims Lisa A. Lowe, Judge | ) ) ) | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employer appeals the trial court's denial of its motion for summary judgment based on the statute of limitations. The employee's surviving spouse filed a petition for death benefits following the employee's death, which was caused by diseases she alleges were the result of his employment. The employer denied the claim, asserting the statute of limitations had expired, thus extinguishing the surviving spouse's claim for benefits. The trial court found there were disputed issues of material fact with respect to when the employee became incapacitated from working and denied the motion for summary judgment. The employer has appealed. We affirm the trial court's decision and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Landon P. Lackey, Oak Ridge, Tennessee, for the employer-appellant, Lockheed Martin Corporation

J. Timothy Bobo, Clinton, Tennessee, for the appellee, Janet Gooch Morgan, surviving spouse of Otto Morgan, Jr.

### Factual and Procedural Background

The underlying facts in this case are not disputed. Otto Morgan, Jr. ("Employee"), worked for Lockheed Martin Corporation ("Employer") for thirty years before retiring in 1999. Approximately sixteen years later in 2015, Employee filed a claim under the

Energy Employees Occupational Illness Compensation Program Act ("EEOICPA") for lung cancer, for which the federal government awarded benefits. In 2016, Employee filed a second EEOICPA claim for an occupational illness, this time for colorectal cancer. This claim was also accepted as compensable and benefits were awarded to Employee on November 2, 2016, based on a whole body medical impairment rating of 42%.[1]

Employee died as a result of cancer on December 27, 2017, and his spouse received survivor benefits from the federal government in August 2018. Thereafter, on October 22, 2018, Employee's spouse filed a petition for death benefits pursuant to Tennessee's workers' compensation law. Employer denied the claim, asserting Employee's statute of limitations expired no later than November 2, 2017, one year after his receipt of benefits from the federal government. Employer filed a motion for summary judgment asking that the case be dismissed.

It is undisputed that Employee knew or believed his colorectal cancer was causally related to his employment no later than November 2, 2016, when he received benefits under federal law. Moreover, the parties agree that no claim for Tennessee workers' compensation benefits was filed prior to November 2, 2017, the date Employer contends the statute of limitations expired. There is also no dispute that the petition for death benefits in this case was filed within one year of Employee's death in December 2017. The parties agree that if Employee's statute of limitations had expired at the time of his death, his surviving spouse's statute of limitations for death benefits would, likewise, be extinguished.

However, the parties do not agree as to when the statute of limitations began to run. Employer asserts it began to run on November 2, 2016, when Employee received benefits as a result of a medical impairment rating assigned by a physician evaluating his occupational illnesses. Employee's surviving spouse asserts that the evidence, including affidavits from Employee's physicians, supports the conclusion that Employee was not incapacitated from working until shortly before his death, if at all. Because evidence of the incapacity for work is a necessary component for triggering the statute of limitations, she asserts her claim for death benefits is not time-barred.

The trial court found Employee's surviving spouse presented sufficient proof to establish a genuine issue of material fact rendering summary judgment inappropriate and denied Employer's motion. Employer has appealed.

---

[1] This impairment rating was assigned using the Fifth Edition of the American Medical Association's Guides to the Evaluation of Permanent Impairment and includes the impairment applicable to Employee's lung cancer. However, the correctness of the impairment rating for purposes of a workers' compensation claim is not determinative of the issues raised in this appeal.

## Standard of Review

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The burden is on the party pursuing summary judgment to demonstrate both that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact at the summary judgment stage. *Rye v. Women's Care Ctr. of Memphis, PLLC*, 477 S.W.3d 235, 265 (Tenn. 2015).

A trial court's ruling on a motion for summary judgment is reviewed de novo with no presumption of correctness. *Wallis v. Brainerd Baptist Church*, 509 S.W.3d 886, 895 (Tenn. 2016) ("[W]e make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied."). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2019).

## Analysis

The sole issue on appeal is whether the trial court erred in denying Employer's motion for summary judgment. Employer maintains that Employee's statute of limitations for seeking benefits under Tennessee law began to run when he knew or should have known he had a compensable claim, which it asserts was the date he received benefits from the federal government. Because more than one year passed between the receipt of those benefits and the filing of the petition for death benefits, Employer contends Employee's surviving spouse is barred from receiving benefits under Tennessee law.

Tennessee Code Annotated section 50-6-306(a) (2019) sets out the statute of limitations in cases of an occupational illness or a death as a result of an occupational illness, stating that

> the applicable time limitation period or periods shall commence as of the date of the beginning of the incapacity for work resulting from an occupational disease or upon the date death results from the occupational disease; provided, further, that if upon the date of the death of the employee the employee's claim has become barred, the claim of the employee's dependent or dependents shall likewise be barred . . . .

Moreover, "the partial or total incapacity for work or the death of an employee resulting from an occupational disease . . . shall be treated as the happening of an injury by accident or death by accident . . . ." Tenn. Code Ann. § 50-6-303(a)(1) (2019).

As the Tennessee Supreme Court has observed, an incapacity for work resulting from an occupational disease begins "when such occupational disease, with the knowledge of the employee, or knowledge that he should have had in the exercise of reasonable caution, . . . has injuriously affected his capacity to work to a degree amounting to a compensable injury." *Adams v. Am. Zinc Co.*, 326 S.W.2d 425, 428 (Tenn. 1959). The question in this appeal is whether Employee's receipt of an impairment rating for his cancer and the subsequent award of benefits under federal law establish that the disease had "injuriously affected [Employee's] capacity to work to a degree amounting to a compensable injury." *Id.* Employer asserts that, because Employee received benefits under federal law, the question must be answered in the affirmative. We disagree that the mere assignment of an impairment rating or the receipt of some type of benefit related to the impairment rating, without more, necessarily equates to an incapacity to work.

There is no question that Employee was aware he had an occupational disease and that he had received benefits for that disease under federal law. However, there is a dispute as to whether and when the disease incapacitated Employee from working. Because Employee retired in 1999 and his disease did not manifest itself until many years later, Employee's capacity or incapacity to work is not a simple matter to assess. Nonetheless, Employee's surviving spouse provided testimony that Employee remained active until shortly before his death and was not limited by his illnesses. She also provided statements from physicians who treated Employee indicating that his activity level was not medically restricted and that he maintained an active lifestyle. The trial court found that these statements were sufficient to create a genuine issue of material fact, and we agree.

In order to accept Employer's position and reverse the trial court's decision and dismiss the case, we would have to conclude that the assignment of a medical impairment rating or the receipt of compensation for an impairment rating is conclusive proof that an injured or ill worker has been incapacitated from working. We decline to adopt such a bright-line rule. Indeed, as pointed out by Employee, Tennessee's workers' compensation law "makes a clear distinction . . . between anatomical impairment as determined by a physician and disability to work which results from such impairment." *Hinson v. Wal-Mart Stores, Inc.*, 654 S.W.2d 675, 677 (Tenn. 1983). Thus, while an injured worker's anatomical impairment rating is a relevant factor to consider, the impairment rating alone does not establish that an employee is incapacitated from working as contemplated by section 50-6-306(a). We also note that "questions involving the commencement of the running of the statute of limitations in workers' compensation cases most often are factual in nature," and thus "summary judgment should be entered

4

cautiously." *Blocker v. Reg'l Med. Ctr. at Memphis*, 722 S.W.2d 660, 662 (Tenn. 1987) (quoting *McLerran v. Mid-South Stone, Inc.*, 695 S.W.2d 181, 182 (Tenn. 1985)).

In short, viewing the facts in a light most favorable to Employee as the non-moving party, as we must, *Rye*, 477 S.W.3d at 250, we agree with the trial court that Employee presented sufficient proof to establish a genuine issue of material fact, making this case inappropriate for summary judgment.

## Conclusion

For the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Otto Morgan, Jr., by surviving spouse, | ) | Docket No. 2018-03-1345 |
| Janet Gooch Morgan | ) | |
| | ) | State File No. 81419-2018 |
| v. | ) | |
| | ) | |
| Lockheed Martin Corporation | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Lisa A. Lowe, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 3rd day of December, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| J. Timothy Bobo | | | | X | jtb@ridenourlaw.com |
| Landon P. Lackey | | | | X | landon.lackey@cns.doe.gov |
| Lisa A. Lowe, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Jeanette Baird

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov